**Manuel GARZA, d/b/a Sun City Cab Co. and d/b/a Auto Repairs & Body Shop, Appellant,**

v.

**Victor A. ZAVALA, Appellee.**

No. 08–94–00380–CV.

Court of Appeals of Texas, El Paso.

June 15, 1995.

Edward Dunbar, Dunbar & Barill, El Paso, for appellant.

Lane C. Reedman, Guevara, Rebe, Baumann, Coldwell & Garay, El Paso, for appellee.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

## OPINION

CHEW, Justice.

This is a default judgment case appealed on writ of error involving an unverified return of service of process. Appellee, Victor Zavala, filed suit against Appellant, Manuel Garza, et al., alleging breach of contract, negligence, and deceptive trade practices in relation to an agreement between Appellant and Appellee for the repair of Appellee's automobile. Citation of Process was served on July 19, 1993. Appellant neither filed answer to the suit nor appeared. On July 1, 1994 default judgment was then rendered against Appellant. On November 11, 1994, Appellant filed a petition for writ of error asserting a single point of error; defective service of process.

Return of citation was filed in this case on July 20, 1993. The certificate of delivery shows that an authorized process server served Manuel Garza on July 19, 1993 at 4:45 p.m. at 2930 Magoffin. The certificate of delivery is properly filled out and signed by the server, but nowhere on either the certificate or any accompanying document is the certificate of delivery verified.

A default judgment cannot withstand a direct attack by a defendant who shows that he was not served in strict compliance with the law. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990) (holding that a default judgment is improper against a defendant who has not been served in strict compliance with law, even if he has actual knowledge of the lawsuit), *citing Higginbotham v. General Life & Acc. Ins. Co.*, 796 S.W.2d 695, 697 (Tex.1990). There are no presumptions in favor of valid issuance, service, and return of citation in the face of a direct attack on a default judgment. *Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d

884, 885 (Tex.1985). In addition, failure to affirmatively show strict compliance with the Texas Rules of Civil Procedure renders the attempted service of process invalid and of no effect. *Id.*

 Unless the record affirmatively shows at the time the default judgment is entered, either an appearance by the defendant, proper service of citation on the defendant, or a written memorandum of waiver, the trial court does not have in personam jurisdiction to enter a default judgment against the defendant. *Cates v. Pon,* 663 S.W.2d 99, 102 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *American Universal Ins. Co. v. D.B. & B., Inc.,* 725 S.W.2d 764, 765 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.). Failure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no force or effect. *Uvalde Country Club,* 690 S.W.2d at 885; *American Universal Ins. Co.,* 725 S.W.2d at 765.

Texas Rules of Civil Procedure 107 provides in pertinent part:

> The return of citation by an authorized person shall be *verified.* [Emphasis added]. TEX.R.CIV.P. 107.

Appellant contends and Appellee conceded at oral argument that the return of the citation was not verified as required by Rule 107. We find this case indistinguishable from *McGraw-Hill, Inc. v. Futrell,* 823 S.W.2d 414, 416 (Tex.App.—Houston [1st Dist.] 1992, writ denied), and adopt the reasoning of the Houston Court in holding that "verified" as contemplated by the rule requires some sort of " '[a]n acknowledgment ... before a notary public proves or verifies it for record.' " *Id.* at 416, citing *City of Houston v. Quinones,* 172 S.W.2d 187, 190 (Tex.Civ.App.—Galveston 1943), rev'd on other grounds, 142 Tex. 282, 177 S.W.2d 259 (1944).

In this case, the server completed the "CERTIFICATE OF DELIVERY," certifying that he delivered to Appellant a copy of the "instrument." However, there is nothing on the citation or attached to the citation that can be considered a verification of this certificate of delivery. Since the face of the rec-

ord fails to show strict compliance with the rules, service of process on Appellant was defective. Accordingly, we sustain Appellant's sole point of error and remand this case to the trial court for further proceedings not inconsistent with this opinion.