**Richard Paul SEIB, Appellant,**

v.

**Raymond R. BEKKER, and Lucille Bekker, Individually,Independent Administrator of the Estate of Terry Ray Bekker, Deceased, Appellees.**

No. 12–95–00106–CV.

Court of Appeals of Texas, Tyler.

June 30, 1997.

Gary L. McConnell, Angleton, for appellant.

A.D. Clark, III, Deborah J. Race, Tyler, for appellees.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HADDEN, Justice.

This is an appeal from a default judgment in a vehicle collision case. Raymond R.

Bekker and Lucille Bekker, Individually, and Raymond R. Bekker, Independent Administrator of the Estate of Terry Ray Bekker, Deceased, ("the Bekkers") brought suit against Richard P. Seib ("Seib") and others alleging that the defendants were liable for the death of their son, and seeking survival and wrongful death damages. For reasons not material to our holding today, Seib did not answer the suit nor make any appearance in the case.[1] Upon receiving notice of the default judgment, Seib timely filed a motion for new trial, which was heard and denied by the trial court. On appeal, Seib asserts seven points of error. We will **reverse and remand**.

On New Year's Eve, 1992, Terry Bekker ("Terry") was with a group of people at Acapulco Sam's Jams, a club serving alcoholic beverages. This club was owned by Fun Time Billiards, Inc., ("Fun Time"), and Seib was the president of that corporation. Later that evening, the van in which the group was riding was in a collision with another vehicle on Highway 64 near Tyler, Texas. The driver and owner of the van, Tommy Lee Pinkston ("Pinkston"), was allegedly intoxicated at the time of the collision. Terry, a passenger, was killed as a result of the collision. The defendants in the suit included Dicky Wayne Johnston ("Johnston"), who was the operator of the other vehicle, Pinkston, Fun Time, and Seib, both individually and as President and Chairman of the Board of Fun Time. The suit alleged that Fun Time was liable as a "provider," as defined in TEX. ALCO. BEV.CODE ANN. § 2.01, and that Seib was liable under common law negligence. The record reflects that Fun Time was eventually non-suited, but does not reflect what disposition was made against defendants, Pinkston and Johnston. However, the trial court rendered a final default judgment against Seib, individually, for damages in excess of one million dollars.

In his first and second points of error, Seib alleges that the trial court erred in granting the default judgment since the return of citation served on him was fatally defective.

---

1. Seib asserts a right to a new trial under the *Craddock* standards. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). However, because our holding turns on defective service, we do not reach those issues.

He argues that the return was defective in that it lacked the verification required by TEXAS RULE OF CIVIL PROCEDURE 107.

It appears from the record before us that the Bekker's attorney retained Thomas E. Law ("Law"), a private process server, to serve personal citation upon Seib. A printed form of personal service citation was completed and issued by the District Clerk on August 16, 1993. On the back of that form was the "Server's Return." Law testified that he actually served Seib on August 24, 1993. Law stated that he filled in the blanks on the return and signed the form showing service on Seib; however, he did not recall swearing to it. No jurat of a notary or other verification appears on this "Server's Return." When Law filed his return of citation, he did file the following affidavit:

THE STATE OF TEXAS   *

COUNTY OF *TYLER* [sic] *

### *AFFIDAVIT*

I, the undersigned Thomas H.E. Law, make the following representations to the Judge of the Court for the purposes of Authorizing me to serve citation and/or notices issued pursuant to Rule 103, Texas Rules of Civil Procedure.

1. I am not less than 18 years of age.
2. I am an individual who is not a party to, nor do I have any relations or interest in the case No. 93–1269–C styled Raymond K. Bekker & Lucille Beeker[sic], Indi.[sic], & Raymond R. Bekker, Indep.[sic] Admin.[sic] of the Estate of Terry R. Bekker, Deceased in the 241 st Dist. Ct., Tyler[sic] County, Texas.[2]
3. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.
4. I am familiar with the TEXAS RULES OF CIVIL PROCEDURE and other applicable rules and statutes relating to service of citation and/or notice.

  /s/Thomas H.E. Law
  Thomas H.E. Law, Affiant
  P.O. Box 223804

Dallas, Texas 75222
(214) 855–5205

**THE STATE OF TEXAS**

**COUNTY OF DALLAS**

SUBSCIBED[sic] AND SWORN TO BEFORE ME, the undersigned Notary Public, on this the 30 day of Aug, 1993.

  /s/Angela Tackett
  Notary Public in and for
  The State of Texas

(NOTARY STAMP)

■ Seib contends that Law did not satisfy the verification requirements of a private process server's return of a citation. We agree. Texas Rule of Civil Procedure 107 provides in pertinent part:

> The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state *when the citation was served and the manner of service,* and be signed by the officer officially or by the authorized person. The return of the citation by an authorized person *shall be verified.* (emphasis ours).

TEX.R. CIV. P. 107.

■ Texas Rules of Civil Procedure have been developed by our courts to protect the rights of all litigants. As the Texas Supreme Court explained in *Finlay v. Jones,* 435 S.W.2d 136, 138–39 (Tex.1968):

> The two basic judicial decisions a trial judge must make before rendering and entering a default judgment are (1) that the court has jurisdiction of the subject matter and the parties to the suit, and (2) that, on the record, the case is ripe for judgment. These decisions cannot possibly be clerical because the court has no more solemn judicial obligation than that of seeing that no litigant is unjustly saddled with a judgment in the absence of notice and a hearing.

■ Thus, the return of service of process under Rule 107 is not a trivial or formulaic document. *Primate Const. Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994). The Supreme Court requires that strict compliance

---

**2.** Underlined text in this affidavit indicates it is    handwritten.

with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack. *Primate Const., Inc.*, 884 S.W.2d at 152. A default judgment is improper against a defendant who has not been served in strict compliance with the law, even if he has actual knowledge of the lawsuit. *Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex.1990). There are no presumptions in favor of valid issuance, service and return of citation in the face of a direct attack on a default judgment. *G.F.S. Ventures, Inc. v. Harris*, 934 S.W.2d, 813, 816 (Tex.App.—Houston [1st Dist.] 1996, no writ); *McGraw–Hill, Inc. v. Futrell*, 823 S.W.2d 414, 416 (Tex.App.—Houston [1st Dist.] 1992, writ denied). Failure to affirmatively show strict compliance with the Texas Rules of Civil Procedure renders the attempted service of process invalid and of no effect. *Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex.1985); *Faggett v. Hargrove*, 921 S.W.2d 274, 276 (Tex.App.—Houston [1st Dist.] 1995, no writ); *West Columbia Nat'l Bank v. Griffith*, 902 S.W.2d 201, 206 (Tex.App.—Houston [1st Dist.] 1995, writ denied); *Garza v. Zavala*, 905 S.W.2d 312, 313 (Tex.App.—El Paso 1995, no writ). Jurisdiction over the defendant must affirmatively appear by a showing of due service of citation, independent of the recitals in the default judgment. *Massachusetts Newton Buying Corp. v. Huber*, 788 S.W.2d 100, 102 (Tex.App.—Houston [14th Dist.] 1990, no writ).

▇▇▇ In *McGraw–Hill, Inc.*, the court analyzed the meaning of the word "verified" within the context of Rule 107 and concluded that "verified" meant "an acknowledgment of an instrument before a notary public proves or verifies it for record." *McGraw–Hill, Inc.*, 823 S.W.2d at 416. We adopt the analysis of the Houston Court in *McGraw–Hill, Inc.* and conclude that a return of service of citation by a private process server must contain the fact of service, the time of service, and manner of service, and shall be sworn to by the private process server before a notary public and filed with the papers in the cause. In the instant case, the affidavit filed with the return did not mention service on Seib, nor did it state the time or manner of service. The affidavit merely repeated

Law's qualifications as a process server, stating that he was not less than eighteen years old, had no interest in the case, had never been convicted of crime, and was familiar with the Texas Rules of Civil Procedure and Statutes relating to service of citation. This document clearly failed to verify the facts relating to the act of service, and no other document in the record appears to meet the requirements for a verification of service as required by the governing rules. We cannot presume valid service and return of citation, even if the trial court makes such recitations in its judgment. *McGraw–Hill, Inc.*, 823 S.W.2d at 416. Because the record before the trial judge and this court does not affirmatively show a verification of the return by Law in strict compliance with the Texas Rules of Civil Procedure, we hold that the judgment cannot stand. *See Primate Const., Inc.*, 884 S.W.2d at 152–53.

The Bekkers argue that the trial court was correct in accepting the affidavit which Law filed with the return as comporting with the requirements of Rule 107 since the rule does not specify the manner in which the return is to be verified. However, the document entitled "Affidavit" was a separately executed document containing none of the required elements verifying service, and cannot be construed as having any connection with the return. Moreover, the notary's jurat at the bottom of the document cannot be construed to apply to the matters contained in the separate document denominated "Server's Return."

Finally, the Bekkers argue that even if the affidavit was deficient, the record from the hearing on motion for new trial established that there was strict compliance with the rules. At the hearing Law testified under oath regarding the time and manner of service as required by Tex.R. Civ. P. 107. The Bekkers assert that this testimony is sufficient under the holding in *Higginbotham v. General Life & Acc. Ins.*, 796 S.W.2d 695 (Tex.1990). In *Higginbotham*, the record before the trial court at the time default judgment was rendered showed that the defendants were served on the 18th day of March, 1986 "at 12:01 o'clock p.m." However, the return of service on the insurance company

was defective in that the time of service failed to show that service was effected by "leaving a copy of same at the home office of such company during *business hours*," which was one of the methods of service provided by TEX. INS.CODE ANN. art. 3.64 (Vernon 1981), the governing law then in effect. At the motion for new trial hearing, the insurance company did not point out or expressly complain of that defect in the return, but relied on other alleged defects. Furthermore, the plaintiff did not file a motion to amend the proof of service under TEX.R. CIV. P. 118. Nevertheless, based on testimony offered at the hearing, the trial court expressly found in a formal order that service was proper under art. 3.64 and implicitly found that service was made "during business hours." The Supreme Court majority in *Higginbotham*, speaking through Justice Ray in a five-to-four decision, agreed with the trial court and held that "because the record affirmatively demonstrated a proper form of service and contained an order tantamount to formal amendment of the return of citation, the record was sufficient to show valid service." *Higginbotham*, 796 S.W.2d at 697.

However, the holding in *Higginbotham* is inapposite to the instant case. Unlike the defendant in *Higginbotham*, Seib expressly complained of the defective return to the trial court. Moreover, the *Higginbotham* court stated that its holding applied to situations in which there is an order *expressly* amending the return or that is tantamount to an order amending the return of citation. *Id.* at 697. Here, the trial court made no express order attempting to amend the return of citation. *Cf. Walker v. Brodhead*, 828 S.W.2d 278, 282 (Tex.App.—Austin 1992, writ denied) (trial court order permitting amendment to show verification was sufficient under TEX.R. CIV. P. 107). Thus, to find an amendment of proof of service without an express order of the trial court would place a strained interpretation upon the rules and be a retreat from the line of cases holding that the record of service supporting a default judgment must show strict compliance with the rules governing service of process. Because the face of the record does not reflect proper service, Seib is entitled to a new trial.

For the foregoing reasons, points of error one and two are sustained. It will not be necessary to address points of error three through seven. Accordingly, the judgment of the trial court is **reversed** and this cause **remanded for further proceedings** consistent with this opinion.