**14.9 GRAMS OF METHAMPHETAMINE, Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 06–00–00022–CV.**

Court of Appeals of Texas, Texarkana.

Submitted Aug. 23, 2000.

Decided Aug. 24, 2000.

David Wesley Tucker, Amarillo, for appellant.

Clyde M. Herrington, Dist. Atty., Albert John Charanza, Asst. Dist. Atty., Lufkin, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

David Wesley Tucker appeals from a default judgment rendered in a forfeiture action. Tucker was arrested for possession of a controlled substance after being stopped for failure to maintain a single marked lane. He consented to officers' search of his vehicle. The search revealed 14.9 grams of methamphetamine, one gallon of acetone, one gallon of muriatic acid, and one .45 caliber Auto Glock pistol bearing serial number GDV102. The State filed its "Original Notice of Seizure and Intended Forfeiture," alleging that the property was contraband. The State procured issuance of a citation and served Tucker by certified mail.[1] Tucker did not answer the suit, and the trial court rendered a default judgment forfeiting the property to the State.

Tucker first contends that the judgment must be reversed because the record does not demonstrate strict compliance with the rules regulating service of process. He also contends that the State's notice of seizure and intended forfeiture is defective because it does not contain a reason for classifying the pistol as contraband. Tucker's first point of error is dispositive.

The requirements for service of citation in a forfeiture action are the same as for civil actions generally. Tex.Code Crim. Proc. Ann. art. 59.04(b) (Vernon Supp.2000). Under Tex.R. Civ. P. 106, service may be by registered or certified mail, return receipt requested. Tex.R. Civ. P. 107 requires the return of service to (1) state when the citation was served, (2) state the manner of service, (3) be signed by the officer or other authorized person serving the citation, (4) be verified, if service is conducted by an authorized person, and (5) contain the return receipt signed by the addressee.

---

1. Two other defendants were also named in the State's action. The State moved to dismiss one of these defendants. The other defendant, Darlene Denise Tucker, also did not file an answer. The trial court entered default judgment against her as well, and she has not appealed to this Court.

Tucker contends that the return of service here is defective because it is not verified. However, Rule 107 only requires a verified return if service is made by an authorized person, such as a private process server, other than an officer. *McGraw–Hill, Inc. v. Futrell,* 823 S.W.2d 414, 416 (Tex.App.Houston [1st Dist.] 1992, writ denied); *see also Seib v. Bekker,* 964 S.W.2d 25, 28 (Tex.App.Tyler 1997, no writ); *Garza v. Zavala,* 905 S.W.2d 312, 313 (Tex.App.El Paso 1995, no writ). Service here was made by the sheriff's office, so verification was not required. TEX.R. CIV. P. 107.

Tucker also contends that the service is defective because the record does not contain the return receipt signed by the addressee. We agree. The record affirmatively demonstrates that the return receipt is not attached to the officer's return as Rule 107 requires.[2]

The return of service is not a trivial, formulaic document. *Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994). There is no presumption in favor of valid issuance, service, and return of citation in the review of a no-answer default judgment. *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex.1985). A default judgment cannot withstand a direct attack when the record shows the defendant was not served in strict compliance with applicable requirements. *Wood v. Brown,* 819 S.W.2d 799, 800 (Tex.1991); *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d at 885. Failure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid. *McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex.1965).

2. In view of our holding that the officer's return is defective because the return receipt is not attached, we do not address Tucker's contention that the return is also defective because the return receipt does not contain an official post office postmark as required by TEX. CIV. PRAC. & REM.CODE ANN. § 136.001 (Vernon 1997). That statute provides:

In *Fowler v. Quinlan Indep. Sch. Dist.,* 963 S.W.2d 941, 944 (Tex.App.Texarkana 1998, no pet.), this Court reversed a default judgment where, among other deficiencies in the officer's return, the return receipt was not attached. We sustain Tucker's first point of error.

The judgment is reversed, and the cause is remanded to the trial court for further proceedings.

[A] person may use certified mail with return receipt requested in any case in which registered mail is required by law. The mailing of a notice of hearing, citation, bid request, or other notice, information, or material by certified mail has the same legal effect as if sent by registered mail, if the receipt for the certified mail is validated with an official post office postmark.