NUMBER 13-01-033-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



SHONTELLE PORTER,                                                           Appellant,

 

                                                   v.

 

ERNEST
ROBERTSON AND ZOLA ROBERTSON,                       Appellees.

 



 

                        On appeal from the 410th District Court

                              of Montgomery
County, Texas.

 

 



                                   O P I N I O N

 

          Before Chief Justice Valdez and Justices Castillo and Wittig[1]

                                   Opinion by Justice Wittig

 

This appeal is
from a default judgment.  The return of
citation by the authorized person was not verified.  We will reverse and remand.








Background

This is a
personal injury automobile accident case. 
Appellees, Ernest and Zola Robertson, brought suit against Shontelle
Porter in April 2000.  Porter was served
May 5, 2000, by a private process server. 
After the return was on file more than ten days, appellees took a
default judgment.  The visiting judge
found past and future damages plus punitive damages in excess of one million
dollars.  Appellant filed a restricted
appeal in December 2000, less than six months after the judgment was signed in
June 30, 2000.  Appellant brings fifteen
issues.  Issues two through fifteen are
legal and factual sufficiency challenges to the various damage awards.  The first issue is dispositive.  In it, appellant challenges the sufficiency
of the return of the citation and petition. 
Appellant argues for strict compliance with Rule 107.  Tex.
R. Civ. P. 107.  Rule 107 requires
that the return of service by an authorized person be verified.  We agree.[2]

Discussion








 To obtain a reversal of an underlying judgment
in a restricted appeal, a party must satisfy four elements:  (1) a notice of restricted appeal must be
filed within six months after the judgment is signed;  (2) by a party to the lawsuit;  (3) who did not participate in the hearing
that resulted in the judgment of which the party complains and did not file a
timely post‑judgment motion;  and
(4) error must be apparent on the face of the record.  Tex.
R. App. P. 26.1(c); Dolly v. Aethos Communications Sys., Inc., 10
S.W.3d 384, 387-88 (Tex. App.BDallas 2000, no
pet.)  (citations omitted).  Appellant=s appeal meets the first three
criteria.  The only question is whether
there is error on the face of the record.

In a direct
attack on a default judgment, there are no presumptions in favor of valid
issuance, service, and return of citation. 
Dolly, 10 S.W.3d at 387-88 (citing Primate Constr. Inc. v.
Silver, 884 S.W.2d 151, 152 (Tex. 1994)). 
In a restricted appeal, defective service of process constitutes error
apparent on the face of the record.  Silver,
884 S.W.2d at 153.   For a default judgment to be sustained, the
burden is on the plaintiff to prove that the defendant was served in the manner
required by the applicable statute.  See
Dolly, 10 S.W.3d at 388.

As appellant
correctly argues, the return of service of process under Rule 107 is not a
trivial or formulaic document.  Silver,
884 S.W.2d at 152.  The Supreme Court
requires that strict compliance with the rules for service of citation
affirmatively appear on the record in order for a default judgment to withstand
direct attack.  Id.  A default judgment is improper against a
defendant who has not been served in strict compliance with the law, even if he
has actual knowledge of the lawsuit. 
Wilson v. Dunn, 800 S.W.2d 833, 837 (Tex. 1990).








In the record
before us there is an affidavit by the process server.  The affidavit, however, only attests to the
server=s
qualifications: he is over 18, has no interest in the case, is not convicted,
et cetera.  There is no return of service
acknowledged before a notary concerning the fact of service, the time of
service and the manner of  service.  The law is well-rehearsed that verification
under Rule 107 means an acknowledgment before a notary including the fact of
service, as well as the time and manner of service Seib v. Bekker,  964 S.W.2d 25, 28 (Tex. App.BTyler 1997, no
writ).  The Seib court rejected
virtually the same qualifications affidavit that we find in this case:  AThis document
clearly failed to verify the facts relating to the act of service, and no other
document in the record appears to meet the requirements for a verification of
service as required by the governing rules.@  Id.


  Because the record before this Court does not
affirmatively show a verification of the return in strict compliance with the
Texas Rules of Civil Procedure, we hold that the judgment cannot stand.  Silver, 884 S.W.2d at 152‑53.  Appellant=s first issue is sustained.  The judgment of the trial court is reversed
and remanded.

DON
WITTIG

Retired Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 20th day of June, 2002.











[1]  Retired Justice Don Wittig
assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to Tex. Gov=t Code Ann. '
74.003 (Vernon 1998).  





[2]  We are not favored with a brief from
appellees.