In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00107-CV
______________________________


DENNIS FRAZIER, Appellant
 
V.
 
MIKE DIKOVITSKY, Appellee


                                              

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 2002-048


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          This is a restricted appeal


 by Dennis Frazier of a default judgment rendered against
him and other defendants. Mike Dikovitsky filed suit against John Frazier, James Frazier,
and Dennis Frazier, doing business as East Fork Dine and Dance, Inc., for injuries 
sustained by him while at that establishment. Dikovitsky alleged he was struck with a
barstool and knocked to the ground during an altercation between third parties. He alleged
the defendants were negligent in serving alcoholic beverages to intoxicated third parties,
failing to provide adequate security, and failing to train employees in proper safety,
security, and protection procedures. 
          A hearing was held April 16, 2003, at which time the trial court took judicial notice
that citation had been served on Dennis Frazier and John Frazier February 6, 2002, and
that no answers had been filed. Dikovitsky testified at that hearing regarding his injuries. 
A default judgment in favor of Dikovitsky, in the amount of $95,000.00, and against all
defendants, was signed by the trial court June 30, 2003. 
          On August 7, 2003, Dennis Frazier filed an original answer and an untimely motion
for new trial. None of the other defendants filed an appearance in the trial court or
appealed the default judgment to this Court.


 
          Frazier contends (1) the trial court erred in granting the default judgment because
the return on the service of citation was not verified; (2) Dikovitsky failed to sufficiently
allege a cause of action against him; (3) Frazier's failure to answer before the default
judgment was rendered was the result of mistake or accident, rather than intentional or due
to conscious indifference; and (4) Dikovitsky failed to present competent evidence of his
damages. We find Frazier's first point of error dispositive. 
          Restricted appeals replace writ of error appeals to the courts of appeals. Tex. R.
App. P. 30. Statutes relating to writ of error appeals apply equally to restricted appeals. 
Id. To successfully attack a default judgment by restricted appeal, an appellant must: 
(1) file the restricted appeal within six months after the final judgment is signed; (2) be a
party to the lawsuit; (3) have not participated at trial; and (4) demonstrate error apparent
from the face of the record. Quaestor Invs., Inc. v. State of Chiapas, 997 S.W.2d 226, 227
(Tex. 1999); see also Tex. R. App. P. 30. 
          The record shows Frazier filed this restricted appeal within six months after the trial
court signed the default judgment. The clerk's record shows Frazier was a named
defendant in the lawsuit. The reporter's record of the default judgment hearing shows
Frazier did not participate at the hearing. We conclude Frazier has satisfied the first,
second, and third requirements. We must now decide whether reversible error is apparent
from the record. Frazier contends the trial court erred in granting the default judgment
because the civil process server did not verify the return of service.
            The return of service is not a trivial, formulaic document. Primate Constr., Inc. v.
Silver, 884 S.W.2d 151, 152 (Tex. 1994); 14.9 Grams of Methamphetamine v. State, 28
S.W.3d 146, 148 (Tex. App.—Texarkana 2000, no pet.). A default judgment cannot
withstand a direct attack by a defendant who shows that such defendant was not served
in strict compliance with the law. Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990)
(holding default judgment improper against defendant who has not been served in strict
compliance with law, even if such defendant has actual knowledge of lawsuit). There are
no presumptions in favor of valid issuance, service, and return of citation in the face of a
direct attack on a default judgment. Uvalde Country Club v. Martin Linen Supply Co., 690
S.W.2d 884, 885 (Tex. 1985). In addition, failure to affirmatively show strict compliance
with the Rules of Civil Procedure renders the attempted service of process invalid and of
no effect. Id. Virtually any deviation from the statutory requisites for service of process will
destroy a default judgment. Nueces County Housing Assistance, Inc. v. M & M Res. Corp.,
806 S.W.2d 948, 949 (Tex. App.—Corpus Christi 1991, writ denied). 
Rule of Civil Procedure 107 provides in pertinent part:
          The return of the officer or authorized person executing the citation
shall be endorsed on or attached to the same; it shall state when the citation
was served and the manner of service and be signed by the officer officially
or by the authorized person. The return of citation by an authorized person
shall be verified.
 
Tex. R. Civ. P. 107.
          "Verified" as contemplated by Rule 107 requires some sort of an acknowledgment
before a notary public.


 Bautista v. Bautista, 9 S.W.3d 250, 251 (Tex. App.—San Antonio
1999, no pet.); Seib v. Bekker, 964 S.W.2d 25, 28 (Tex. App.—Tyler 1997, no writ);
McGraw-Hill, Inc. v. Futrell, 823 S.W.2d 414, 416 (Tex. App.—Houston [1st Dist.] 1992,
writ denied) (reversing default judgment because there was nothing on citation or attached
to citation that could be considered a verification). 
          In Seib, 964 S.W.2d at 28, the return of service was accompanied with an affidavit 
stating the process server's qualifications, that he was over eighteen years old, had no
interest in the case, had never been convicted of a crime, and was familiar with the Rules
of Civil Procedure and statutes relating to service of citation. The affidavit did not mention
the time or manner of service. Id. The court concluded that "a return of service of citation
by a private process server must contain the fact of service, the time of service, and
manner of service, and shall be sworn to by the private process server before a notary
public and filed with the papers in the cause." Id. The court found the affidavit clearly
failed to verify the facts relating to the act of service. Id. Because the record before the
court did not affirmatively show a verification of the return in strict compliance with the
Rules of Civil Procedure, the court found that the judgment could not stand. Id.; see also
Carmona v. Bunzl Distribution, 76 S.W.3d 566, 569 (Tex. App.—Corpus Christi 2002, no
pet.); Bautista, 9 S.W.3d at 251–52; Garza v. Zavala, 905 S.W.2d 312, 312–13 (Tex.
App.—El Paso 1995, no writ). 
          In this case, the return of citation shows that Biff Chapman, a private process server,
served the citation on Frazier at 6:30 p.m. February 6, 2002. The return of service is
properly completed and signed by the server, but we find nothing on either the certificate
or any accompanying document that could be considered a verification on the return of the
service of citation. Because the face of the record fails to show strict compliance with the
Rules of Civil Procedure, we conclude Frazier has satisfied the fourth requirement of his
restricted appeal. Accordingly, we hold that service of process on Frazier was invalid and
of no effect.
          Dikovitsky contends Frazier waived any objection to the service of citation when he
filed a post-judgment answer. Dikovitsky contends that Frazier's answer, even though it
was post-judgment, submitted Frazier to the jurisdiction of the trial court and constituted
a general appearance. This Court has previously held that a general appearance after a
default submits the party to the jurisdiction of the trial court, but it does not breathe life into
a voidable judgment. Copystatics, Inc. v. Bourn, 694 S.W.2d 613, 615 (Tex.
App.—Texarkana 1985, writ ref'd n.r.e.) (citing Tex. R. Civ. P. 123; Cates v. Pon, 663
S.W.2d 99 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); Woodcock, Cummings,
Taylor & French, Inc. v. Crosswell, 468 S.W.2d 864 (Tex. Civ. App.—Houston [1st Dist.]
1971, no writ)). In addition, nothing in Frazier's general answer could be construed as
conceding he was duly served. See Wilson, 800 S.W.2d at 837 (noting defendant can
waive complaint of defective service by conceding issue); Benefit Planners, L.L.P., 81
S.W.3d at 860–61.
          Accordingly, the default judgment against Frazier is reversed, and this cause is
remanded to the trial court for further proceedings.




                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      July 21, 2004
Date Decided:         August 13, 2004