In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-141 CV


____________________



DAVID LAAS, Appellant



V.



BETTY WILLIAMSON, Appellee






On Appeal from the 163rd District Court


Orange County, Texas


Trial Cause No. B020,290-C






OPINION


 This is a restricted appeal in a personal injury case arising out of an automobile
accident. The appellant, David Laas, (1) seeks to set aside a $1,090,795.74 default judgment
based on defective service of process. We hold the return of citation filed of record is
defective and cannot support a default judgment. Accordingly, we reverse and remand.

 The accident occurred June 25, 2000, when Laas was sixteen years of age.
Williamson filed suit on June 25, 2002. Citation issued the following day. The return of
citation recites that the citation was served on Laas on August 21, 2002, by Ronald C.
Guanere. The citation was filed on September 4, 2002, but it is unverified. Williamson
took a default judgment on October 7, 2003. The judgment awards $4,798.37 in past
medical expenses, with the remainder of the damages arising from future medical
expenses, past and future pain and suffering, past and future physical impairment, past and
future mental anguish, and exemplary damages. The notice of judgment issued October
8, 2003, but was returned undelivered on October 15, 2003. On November 25, 2003,
Laas filed a motion to extend the post-judgment deadlines. See Tex. R. Civ. P. 306a(4). 
That motion alleged Laas did not receive actual notice of the judgment within twenty days. 
In an affidavit attached to his Rule 306a(4) motion, Laas averred that he received actual
notice of the default judgment on November 21, 2003. Also attached to the motion is a
letter from Williamson's counsel to Laas's insurer. The letter is dated November 10,
2003, notifies the insurance company that a default judgment has been taken in the case,
and is copied to Laas's attorney. 

 The trial court conducted an evidentiary hearing on the Rule 306a(4) motion.
Williamson claimed that Laas had actual notice of the judgment. She produced Laas's
signature, dated October 8, 2003, on a notary page from Williamson's lawyer's office. 
The lawyer's claims manager, Charles Heider, testified that he telephoned Laas on October
7 or October 8 and asked Laas to come to the lawyer's office. Laas came into the office
on October 8. Heider testified he learned that Laas had forwarded the served petition to
his insurance company and prepared a statement for Laas to sign. The statement is
undated, and states the following: "I, David Lass, [sic] was served on the 20th day of
August, 2000, for an auto collision I caused on June 25, 2000. I forward [sic] the Original
Petition and Citation of Service to my agent the following day." The claims manager did
not recall having told Laas there was a judgment taken against him, and did not inform
Laas that he had a right to consult with a lawyer; however, Williamson's counsel testified
that he also spoke with Laas on October 8, and that he told Laas about the default
judgment and suggested he see his insurance company. Heider and another witness, Jerry
Gallier, testified that Laas returned to Williamson's counsel's office a second time. Gallier
testified he refused to speak with Laas because Laas was holding a letter from a defense
attorney. 

 During the Rule 306a(4) hearing, Laas testified that he was contacted by telephone
in early October 2003 and was told that he needed to sign some papers "for this lady to sue
the insurance company and not me." Laas admitted he came to the lawyer's office, but
claimed no one informed him of the default judgment. Laas claimed Williamson's lawyer
told him that "if I [Laas] signed these papers that this lady has to go after the insurance
company and not me." Laas also claimed Williamson's lawyer told him that he did not
need an attorney. Laas testified, "He said it was a default judgment, but he also said that
it was for the lady to sue the insurance company and not me. . . ." Laas also testified that
he thought he was not supposed to get a lawyer and was not supposed to discuss the matter
with anyone, and if he signed the document, he would be protected from the lawsuit.
According to Laas, he first saw the judgment when defense counsel mailed it to him. 

 On December 3, 2003, Williamson filed a motion for leave to file an amended
return of citation. In her brief, Williamson claims an amended return was filed on
December 3, 2003, although an amended return is not included in the appellate record.
There is no indication in the record that the trial court acted on Williamson's motion for
leave. 

 Williamson argues restricted appeal is not available to Laas because he discovered
the default judgment in time to take a regular appeal. The cases on which she relies,
Thacker v. Thacker, 496 S.W.2d 201, 204-05 (Tex. Civ. App.--Amarillo 1973, writ
dism'd), and Hammond v. Hammond, 688 S.W.2d 690, 691-92 (Tex. App.--Beaumont
1985, writ dism'd), are writ of error cases in which the appellant participated at trial. An
appellant filing a restricted appeal must appeal within six months after the judgment was
signed, must be a party to the suit, and must not have participated in the hearing that
resulted in the judgment. See Tex. R. App. P. 26.1(c), 30. On appeal, he must
demonstrate that error appears on the face of the record. Quaestor Invs., Inc. v. State of
Chiapas, 997 S.W.2d 226, 227 (Tex. 1999). Laas filed no documents and attended no
hearings before Williamson took her default judgment, and he filed notice of appeal five
months and sixteen days after the judgment was signed. Thus, Laas may pursue a
restricted appeal pursuant to Rule 30. The issue is whether error appears on the face of
the record. 

 In his first issue, Laas contends the service of citation is defective and that the
defect in service is error on the face of the record. Laas contends the evidence before the
trial court at the time of the default judgment reflects that the return of citation was
unverified, and that defective proof of service constitutes error apparent on the face of the
record. "[S]trict compliance with the rules for service of citation [must] affirmatively
appear on the record in order for a default judgment to withstand direct attack." Primate
Const., Inc. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994). "There are no presumptions in
favor of valid issuance, service, and return of citation in the face of a writ of error attack
on a default judgment." Id. The rules of civil procedure allow for liberal amendment of
the return of service to show the true facts of service, but "the one requesting service must
amend the return prior to judgment." Id. at 153; see Tex. R. Civ. P. 118. 


 Williamson argues there is no error on the face of the record because she corrected
the return of service. The corrected return is included in the appendix to her brief but is
not contained in the clerk's record. Even if it were, it cannot be considered on appeal
because it was on file with the trial court no earlier than December 3, 2003. Review by
restricted appeal affords an appellant the same scope of review as an ordinary appeal, that
is, a review of the entire case. Norman Communications v. Texas Eastman Co., 955
S.W.2d 269, 270 (Tex. 1997) (writ of error appeal). Evidence not before the trial court
prior to final judgment is beyond the scope of review and may not be considered. See
General Elec. Co. v. Falcon Ridge Apartments, 811 S.W.2d 942, 944 (Tex. 1991) (writ
of error appeal). Thus, in a restricted appeal the "face of the record" consists of all
documents on file with the trial court at the time of judgment. Armendariz v. Barragan,
143 S.W.3d 853, 854 (Tex. App.--El Paso 2004, no pet.). While the face of the record
includes the reporter's record of the default hearing, it does not include documents placed
in the record after judgment. Stankiewicz v. Oca, 991 S.W.2d 308, 311-12 (Tex. App.--Fort Worth 1999, no pet.) (return label affixed to envelope returned to trial court after
judgment); Laidlaw Waste Sys., Inc. v. Wallace, 944 S.W.2d 72, 73 (Tex. App.--Waco

1997, writ denied) (affidavit explaining usual procedures for service of process). (2) 
Williamson did not amend the return of service before judgment; therefore, the purported
amendment did not cure the alleged defect.

 Williamson relies upon Dawson v. Briggs, 107 S.W.3d 739, 744-45 (Tex. App.--Fort Worth 2003, no pet.). Dawson rejected as dicta the statement that the citation must
be amended prior to judgment. Id. at 746-47. Dawson reasoned the statement in Primate
conflicts with Higginbotham v. General Life & Accident Ins. Co., 796 S.W.2d 695, 697
(Tex. 1990), which held that the trial court effectively granted a Rule 118 motion to amend
the return in the course of considering a timely filed motion for new trial. Higginbotham
distinguished regular appeals from what is now a restricted appeal, as follows: 

 Most of these opinions addressing the requirement that the record
show strict compliance are writ of error attacks on default judgments. In
such cases there is no record of service other than the citation return, and its
recitations, taken as true, must show strict compliance with service
requirements. We are not to be understood as holding that the citation return
alone in this case would have been sufficient to show valid service. Our
holding in this case is restricted to situations in which there is a record (such
as the evidence at the hearing on motion for new trial) showing strict
compliance with a valid method of service and an order expressly amending
the return or that is tantamount to an order amending the return of citation.


Higginbotham, 796 S.W.2d at 697. 


 The Higginbotham rationale is inapposite where no order expressly granting leave
to amend the return appears in the record. Seib v. Bekker, 964 S.W.2d 25, 28-29 (Tex.
App.--Tyler 1997, no writ). Ours is not a situation where the trial court granted leave to
amend the return of citation while it retained plenary power of the October 7, 2003,
judgment. First, the trial court never granted leave to amend the return. Second,
Williamson filed her motion to amend the return after Laas filed his Rule 306a(4) motion,
but she contested the Rule 306a(4) motion and the trial court did not correct the date of
judgment pursuant to Rule 306a(5). Thus, Primate controls, not Higginbotham.


 Citation may be served by any sheriff or constable or other person authorized by
law, or by any person of at least eighteen years of age authorized by law or by written
court order. Tex. R. Civ. P.103. The return of service must be endorsed; if the return
is by an authorized person, it must be verified. Tex. R. Civ. P. 107. In this case, the
return is not signed by Guanere in any official capacity; therefore, it appears service was
performed by a private process server. Case law holds that Rule 107 requires an
acknowledgment of the instrument before a notary public. Frazier v. Dikovitsky, 144
S.W.3d 146, 149 (Tex. App.--Texarkana 2004, no pet.); Carmona v. Bunzl Distribution,
76 S.W.3d 566, 569 (Tex. App.--Corpus Christi 2002, no pet.); Bautista v. Bautista, 9
S.W.3d 250, 251 (Tex. App.--San Antonio 1999, no pet.); Seib, 964 S.W.2d at 28; Garza
v. Zavala, 905 S.W.2d 312, 313 (Tex. App.--El Paso 1995, no writ); McGraw-Hill, Inc.
v. Futrell, 823 S.W.2d 414, 416 (Tex. App.--Houston [1st Dist.] 1992, writ denied). The
return of citation in the clerk's record is unverified and bears no acknowledgment. 
Because the record does not affirmatively show a verification of the return in strict
compliance with Rule 107, there is error apparent on the face of the record. Issue one is
sustained. Because our holding on the first issue is dispositive of this appeal, we do not
need to address Laas's remaining issues. The judgment of the trial court is reversed and
the cause is remanded to the trial court for further proceedings consistent with this opinion. 

 REVERSED AND REMANDED.







 _____________________________

 STEVE MCKEITHEN

 Chief Justice 



Submitted on January 25, 2005

Opinion Delivered February 17, 2005


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. The notice of restricted appeal identifies the appellant as David Laas, Jr.
2. Documents filed after judgment may be considered in a bill of review proceeding
and on appeal from the denial of a bill of review, but not in a restricted appeal. See Gold
v. Gold, 145 S.W.3d 212, 214 (Tex. 2004). For this reason, this Court held the clerk's
failure to mail notice of judgment and to note its notice on the docket could not have been
raised as error in a writ of error appeal because the error occurred after judgment was
entered. Jordan v. Jordan, 36 S.W.3d 259, 264 (Tex. App.--Beaumont 2001, pet.
denied). The Supreme Court also recognized this distinction between the scope of review
in a restricted appeal and a bill of review appeal, when it noted that in the latter procedure
"all facts may be considered, not just those appearing on the face of the record." Gold, 
145 S.W.3d at 214. Gold compared Caldwell v. Barnes, 975 S.W.2d 535, 537 (Tex.
1998), a bill of review in which the court considered a process server's post-judgment
affidavit, with Stankiewicz, 991 S.W.2d at 312, a restricted appeal in which the court
refused to consider post-judgment proof of an incorrect address for service. This
limitation on the scope of review in a restricted appeal was also recognized in Alexander
v. Lynda's Boutique, 134 S.W.3d 845, 848-49 (Tex. 2004), which noted "if extrinsic
evidence is necessary, it should be presented in a motion for new trial or a bill of review.
. . ."