# NO. 12-09-00188-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FRED POPE,*<br>*APPELLANT* | § | *APPEAL FROM THE 123RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *SHELBY POPE,*<br>*APPELLEE* | § | *SHELBY COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Fred Pope filed his petition for bill of review seeking to set aside for want of valid service of process a default divorce judgment rendered against him. After a hearing, the trial court denied the bill of review concluding that the evidence failed to establish that Fred Pope had a meritorious defense to Shelby Pope's divorce suit that he was prevented from presenting by any fraud, accident, or wrongful act of Shelby Pope. In two issues, Fred Pope asserts on appeal that the default judgment taken against him was based on defective service and that the trial court erroneously divested him of his separate property. Shelby Pope raises two cross-issues. We reverse the trial court's order denying the bill of review, set aside the default judgment of divorce, and remand the cause for a new trial.

## BACKGROUND

Shelby Pope filed suit for divorce against Fred Pope on July 14, 2008. On the same day, Shelby Pope applied for alternative service on her husband stating that she did not know where he lived but asking that he be given notice of suit by service on his son John Pope. It is apparent that there had been no previous attempts to serve Fred Pope before the trial court granted the application for substituted service. John Piersol, a process server, served John Pope on July 30, 2008. The process server's return of service is unverified.

1

The trial court granted a default judgment of divorce awarding Shelby Pope all motor vehicles but ordering that Fred Pope pay all debts. The final decree also awarded Shelby Pope "thirty three and one-third percent of any and all recovery for benefits due to personal injury. . . from injury to Respondent during his employment with KBR . . . date of injury on or about May 24, 2005."

A copy of the judgment was mailed to Fred Pope forty-five days after the date of the judgment. Sixty-six days after the date of the judgment, Fred Pope filed his petition for bill of review. The trial court, after a hearing, denied the bill of review.

## DEFECTIVE SERVICE

In his first issue, Fred Pope contends the trial court erred in denying his bill of review.

### Standard of Review

An appellate court reviews the granting or denial of a bill of review under an abuse of discretion standard. *Temple v. Archambo*, 161 S.W.3d 217, 224 (Tex. App.–Corpus Christi 2005, no pet.). When the issue on appeal concerns a question of law, the appellate court reviews the trial court's decision de novo. *Id.*

### Applicable Law

A bill of review is an independent equitable action to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926-27 (Tex. 1999). A bill of review is a direct attack on a judgment. *In re John G. & Marie Stella Kenedy Mem'l Found.*, 159 S.W.3d 133, 141 (Tex. App.–Corpus Christi 2004, orig. proceeding). The "petitioner must ordinarily plead and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) that he was prevented from making by the fraud, accident or wrongful act of his opponent, (3) unmixed with any fault or negligence of his own." *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998). However, in the absence of valid service of process or notice of the proceeding that resulted in the challenged judgment, constitutional due process relieves the petitioner of the necessity of showing a meritorious defense that he was prevented from making by his opponent's fraud accident or wrongful act. *Id.* (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 108 S. Ct. 896, [899,] 99 L. Ed. 2d 75 (1988)). The lack of service establishes the petitioner's own lack of fault or negligence. *Id.*

2

A bill of review petitioner must ordinarily have exercised due diligence in the pursuit of all adequate legal remedies against the challenged judgment. ***Wembley Inv. Co.***, 11 S.W.3d at 927. "If [adequate] legal remedies were available but ignored, relief by equitable bill of review is unavailable." ***Id.*** However, "adequate legal remedies" only applies to motions that could have been filed in the trial court's first proceeding and does not include a restricted appeal. ***Gold v. Gold***, 145 S.W.3d 212, 214 (Tex. 2004). Therefore, a party's failure to file a restricted appeal does not bar a bill of review. ***Id.*** at 213.

There are no presumptions in favor of valid issuance, service, and return of citation in the face of a direct attack on a default judgment. ***Uvalde Country Club v. Martin Linen Supply Co.***, 690 S.W.2d 884, 885 (Tex. 1985). Strict compliance with the rules for service of citation must affirmatively appear on the record in order for default judgment to withstand direct attack. ***Ins. Co. of State of Pa. v. Lejeune***, 297 S.W.3d 254, 255 (Tex. 2009). "Failure to comply with these rules constitutes error on the face of the record." ***Id.*** at 256.

Rule 106 governs the methods of service required under various circumstances.

> (a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by
>
> (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or
>
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.
>
> (b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service
>
> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or
>
> (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106. Rule 107 requires that when the citation is executed by an "authorized person," the return of citation" shall be verified. TEX. R. CIV. P. 107. A private process server is an "authorized person" and therefore must verify the return. *See **Frazier v. Dikovitsky***, 144 S.W.3d 146, 149 (Tex. App.–Texarkana 2004, no pet.). "Verified" requires an acknowledgment

under oath of the acts related to service before a notary public or other person authorized to administer oaths. *See id.* at 149. "The return of service is not a trivial, formulaic document." ***Primate Constr. v. Silver***, 884 S.W.2d 151, 152 (Tex. 1994). When the return is not verified by the authorized person executing the citation, service is invalid, and a default judgment rendered in the case cannot withstand a direct attack. ***Seib v. Bekker***, 964 S.W.2d 25, 28 (Tex. App.– Tyler 1997, no writ); ***McGraw-Hill, Inc. v. Futrell***, 823 S.W.2d 414, 416 (Tex. App.–Houston [1st Dist.] 1992, writ denied).

**Discussion**

In his order denying the bill of review, the trial court found that Fred Pope had not shown a meritorious defense that he was prevented from presenting by the fraud, accident, or wrongful act of the opposing party, Shelby Pope. However, if the record shows invalid service, the petitioner, Fred Pope, is relieved of the necessity of showing these elements ordinarily required of a bill of review petitioner. *See* ***Caldwell***, 975 S.W.2d at 537.

The record shows and it is acknowledged by both parties that the return of citation was not verified by the "authorized person" who executed it. Therefore, service was invalid. *See* ***Frazier***, 144 S.W.3d at 148; ***Seib***, 964 S.W.2d at 28; ***McGraw-Hill***, 823 S.W.2d at 416.

The default judgment rendered in this case after invalid service cannot withstand direct attack by bill of review. *See* ***Primate Constr***., 884 S.W.2d at 152; ***Seib***, 964 S.W.2d at 928; ***McGraw-Hill***, 823 S.W.2d at 416. Therefore, the trial court abused its discretion in denying the bill of review. We sustain Fred Pope's first issue.

In her first cross-issue, Shelby Pope insists that Fred Pope failed to exhaust the adequate legal remedy available to him of a restricted appeal. Therefore, she contends he is not entitled to equitable relief by bill of review. A restricted appeal has never been included among the "adequate legal remedies" a bill of review claimant must pursue. ***Gold***, 145 S.W.3d at 214. Shelby Pope's first cross-issue is overruled.

In her second cross-issue, Shelby Pope complains that Fred Pope's petition for bill of review is fundamentally defective, because it does not contain sworn allegations of a meritorious defense that he was prevented from presenting by her fraud, accident, or wrongful act. We have already noted that, if invalid service is shown, Fred Pope did not need to plead or prove a meritorious defense. Shelby Pope's second cross-issue is overruled.

4

## CONCLUSION

We have sustained Fred Pope's first issue and overruled Shelby Pope's two cross-issues. Because Fred Pope's first issue is dispositive, we need not address his second issue. *See* TEX. R. APP. P. 47.1. We ***reverse*** the trial court's order denying the bill of review, set aside the default judgment, and ***remand*** the cause for a new trial.


**_BILL BASS_**
Justice


Opinion delivered March 31, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*


(PUBLISH)


5