NO. 12-09-00188-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

FRED POPE,                                                              
§                   APPEAL FROM THE 123RD

APPELLANT            

 

V.                                                                      
§                   JUDICIAL DISTRICT COURT

 

SHELBY POPE,        

APPELLEE                                                     
§                   SHELBY COUNTY, TEXAS







MEMORANDUM
OPINION

            Fred
Pope filed his petition for bill of review seeking to set aside for want of
valid service of process a default divorce judgment rendered against him. 
After a hearing, the trial court denied the bill of review concluding that the
evidence failed to establish that Fred Pope had a meritorious defense to Shelby
Pope’s divorce suit that he was prevented from presenting by any fraud,
accident, or wrongful act of Shelby Pope.  In two issues, Fred Pope asserts on
appeal that the default judgment taken against him was based on defective
service and that the trial court erroneously divested him of his separate
property.  Shelby Pope raises two cross-issues. We reverse the trial court’s
order denying the bill of review, set aside the default judgment of divorce,
and remand the cause for a new trial.

 

Background

            Shelby
Pope filed suit for divorce against Fred Pope on July 14, 2008.  On the same
day, Shelby Pope applied for alternative service on her husband stating that
she did not know where he lived but asking that he be given notice of suit by
service on his son John Pope.  It is apparent that there had been no previous
attempts to serve Fred Pope before the trial court granted the application for
substituted service.   John Piersol, a process server, served John Pope on July
30, 2008.  The process server’s return of service is unverified.

            The
trial court granted a default judgment of divorce awarding Shelby Pope all
motor vehicles but ordering that Fred Pope pay all debts.  The final decree
also awarded Shelby Pope “thirty three and one-third percent of any and all
recovery for benefits due to personal injury. . . from injury to Respondent
during his employment with KBR . . . date of injury on or about May 24, 2005.”

            A
copy of the judgment was mailed to Fred Pope forty-five days after the date of
the judgment.  Sixty-six days after the date of the judgment, Fred Pope filed
his petition for bill of review.  The trial court, after a hearing, denied the
bill of review.

 

Defective Service

            In
his first issue, Fred Pope contends the trial court erred in denying his bill
of review.

Standard
of Review

            An
appellate court reviews the granting or denial of a bill of review under an
abuse of discretion standard.  Temple v. Archambo, 161 S.W.3d
217, 224 (Tex. App.–Corpus Christi 2005, no pet.).  When the issue on appeal concerns
a question of law, the appellate court reviews the trial court’s decision de
novo.  Id.

Applicable
Law

            A
bill of review is an independent equitable action to set aside a judgment that
is no longer appealable or subject to challenge by a motion for new trial.  Wembley
Inv. Co. v. Herrera, 11 S.W.3d 924, 926-27 (Tex. 1999).  A bill of
review is a direct attack on a judgment.  In re John G. & Marie
Stella Kenedy Mem’l Found., 159 S.W.3d 133, 141 (Tex. App.–Corpus
Christi 2004, orig. proceeding).  The “petitioner must ordinarily plead and
prove (1) a meritorious defense to the cause of action alleged to support the
judgment, (2) that he was prevented from making by the fraud, accident or
wrongful act of his opponent, (3) unmixed with any fault or negligence of his
own.”  Caldwell v. Barnes, 975 S.W.2d 535, 537 (Tex. 1998). 
However, in the absence of valid service of process or notice of the proceeding
that resulted in the challenged judgment, constitutional due process relieves
the petitioner of the necessity of showing a meritorious defense that he was
prevented from making by his opponent’s fraud accident or wrongful act.  Id.
(citing Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 108 S.
Ct. 896, [899,] 99 L. Ed. 2d 75 (1988)).  The lack of service establishes the
petitioner’s own lack of fault or negligence.  Id.

            A
bill of review petitioner must ordinarily have exercised due diligence in the
pursuit of all adequate legal remedies against the challenged judgment.  Wembley
Inv. Co., 11 S.W.3d at 927.  “If [adequate] legal remedies were
available but ignored, relief by equitable bill of review is unavailable.”  Id. 
However, “adequate legal remedies” only applies to motions that could have been
filed in the trial court’s first proceeding and does not include a restricted
appeal.  Gold v. Gold, 145 S.W.3d 212, 214 (Tex. 2004). 
Therefore, a party’s failure to file a restricted appeal does not bar a bill of
review.  Id. at 213.

            There
are no presumptions in favor of valid issuance, service, and return of citation
in the face of a direct attack on a default judgment.  Uvalde Country
Club v. Martin Linen Supply Co., 690 S.W.2d 884, 885 (Tex. 1985). 
Strict compliance with the rules for service of citation must affirmatively
appear on the record in order for default judgment to withstand direct attack. 
Ins. Co. of State of Pa. v. Lejeune, 297 S.W.3d 254, 255 (Tex.
2009).  “Failure to comply with these rules constitutes error on the face of
the record.”  Id. at 256.

            Rule
106 governs the methods of service required under various circumstances.

 

            (a)  Unless the citation or an order of the court
otherwise directs, the citation shall be served by any person authorized by
Rule 103 by

 

                  (1)  delivering to the defendant, in
person, a true copy of the citation with the date of delivery endorsed thereon
with a copy of the petition attached thereto, or

 

                  (2)  mailing to the defendant by
registered or certified mail, return receipt requested, a true copy of the
citation with a copy of the petition attached thereto.

 

                (b)  Upon motion supported by
affidavit stating the location of the defendant’s usual place of business or
usual place of abode or other place where the defendant can probably be found
and stating specifically the facts showing that service has been attempted
under either (a)(1) or (a)(2) at the location named in such affidavit but has
not been successful, the court may authorize service

 

                  (1)  by leaving a true copy of the
citation, with a copy of the petition attached, with anyone over sixteen years
of age at the location specified in such affidavit, or

 

                  (2)  in any other manner that the
affidavit or other evidence before the court shows will be reasonably effective
to give the defendant notice of the suit.

 

 

Tex. R. Civ. P.  106.  Rule 107
requires that when the citation is executed by an “authorized person,” the
return of citation” shall be verified.  Tex.
R. Civ. P. 107.  A private process server is an “authorized person” and
therefore must verify the return.  See Frazier v. Dikovitsky, 144
S.W.3d 146, 149 (Tex. App.–Texarkana 2004, no pet.).  “Verified” requires an
acknowledgment under oath of the acts related to service before a notary public
or other person authorized to administer oaths.  See id.
at 149.  “The return of service is not a trivial, formulaic document.”  Primate
Constr. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994).  When the return is
not verified by the authorized person executing the citation, service is invalid,
and a default judgment rendered in the case cannot withstand a direct attack.  Seib
v. Bekker, 964 S.W.2d 25, 28 (Tex. App.–Tyler 1997, no writ); McGraw-Hill,
Inc. v. Futrell, 823 S.W.2d 414, 416 (Tex. App.–Houston [1st Dist.]
1992, writ denied).

Discussion

            In
his order denying the bill of review, the trial court found that Fred Pope had
not shown a meritorious defense that he was prevented from presenting by the
fraud, accident, or wrongful act of the opposing party, Shelby Pope.  However,
if the record shows invalid service, the petitioner, Fred Pope, is relieved of
the necessity of showing these elements ordinarily required of a bill of review
petitioner.  See Caldwell, 975 S.W.2d at 537.

            The
record shows and it is acknowledged by both parties that the return of citation
was not verified by the “authorized person” who executed it.  Therefore,
service was invalid.  See Frazier, 144 S.W.3d at 148; Seib,
964 S.W.2d at 28; McGraw-Hill, 823 S.W.2d at 416.

            The
default judgment rendered in this case after invalid service cannot withstand
direct attack by bill of review.  See Primate Constr., 884
S.W.2d at 152; Seib, 964 S.W.2d at 928; McGraw-Hill,
823 S.W.2d at 416.  Therefore, the trial court abused its discretion in denying
the bill of review.  We sustain Fred Pope’s first issue.

            In
her first cross-issue, Shelby Pope insists that Fred Pope failed to exhaust the
adequate legal remedy available to him of a restricted appeal.  Therefore, she
contends he is not entitled to equitable relief by bill of review.  A
restricted appeal has never been included among the “adequate legal remedies” a
bill of review claimant must pursue.  Gold, 145 S.W.3d at 214.   
Shelby Pope’s first cross-issue is overruled.

            In her
second cross-issue, Shelby Pope complains that Fred Pope’s petition for bill of
review is fundamentally defective, because it does not contain sworn
allegations of a meritorious defense that he was prevented from presenting by
her fraud, accident, or wrongful act.  We have already noted that, if invalid service
is shown, Fred Pope did not need to plead or prove a meritorious defense. 
Shelby Pope’s second cross-issue is overruled.

            

Conclusion

            We
have sustained Fred Pope’s first issue and overruled Shelby Pope’s two
cross-issues.  Because Fred Pope’s first issue is dispositive, we need not
address his second issue.  See Tex.
R. App. P. 47.1.  We reverse the trial court’s order
denying the bill of review, set aside the default judgment, and remand
the cause for a new trial.

 

                                                                                     
   BILL BASS__    

                                                                                             
Justice

 

 

 

Opinion delivered March 31, 2011.

Panel consisted of
Worthen, C.J., Griffith, J., and Bass, Retired J., Twelfth Court of Appeals,

 sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)