Andres Salas **BAUTISTA,**
**Jr.,** Appellant,

v.

Melissa **BAUTISTA,** Appellee.

No. 04–99–00285–CV.

Court of Appeals of Texas,
San Antonio.

Nov. 3, 1999.

Lawrence G. Morales, Morales, Calderon & Reyna, San Antonio, for Appellant.

Oscar J. Pena, Jr., Laredo, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: PHIL HARDBERGER, Chief Justice.

The issue in this restricted appeal is whether the record affirmatively demonstrates strict compliance with the rules regarding citation and service of process. Because the record does not demonstrate strict compliance, we reverse the trial court's judgment and remand the cause for further proceedings consistent with this opinion.

### BACKGROUND

On July 13, 1998, Melissa filed two motions for substituted service of process. In the affidavit accompanying her first motion, Melissa stated that personal service was attempted on two occasions at Andres's last known address. Andres's mother, Maria, who resides at the address

where service was attempted advised that she did not know Andres's whereabouts. Melissa stated that she had good cause to believe Maria did know Andres's whereabouts and that serving Maria would be reasonably calculated to apprise Andres of the proceedings. The trial court granted the motion and ordered that Andres be served with process by serving his mother, Maria, at 3202 Locust, Laredo, Texas. In her second motion and affidavit, Melissa asserted the same information, except she stated that she reasonably believed that leaving a copy of the pleadings, citation and precept at 3202 Locust with any person over the age of sixteen years was a likely method of apprising Andres of the proceedings. The trial court granted the second motion and ordered that Andres be served by serving any person over sixteen at 3202 Locust.

The clerk issued citation and authorized service on Andres at 3202 Locust "by serving any person over sixteen (see order attached)." The Officer's Return reflects that service was executed on July 14, 1998 at 3202 Locust, Laredo by delivering to "Andres Salas Bautista, Sr., as per order." The return is signed by a private process server but is not verified. After inquiring about service, the trial court subsequently entered a default judgment against Andres.

## DISCUSSION

A restricted appeal is a direct attack on a judgment. *Fowler v. Quinlan Ind. Sch. Dist.*, 963 S.W.2d 941, 943 (Tex. App.—Texarkana 1998, no pet.). In order for a default judgment to withstand a direct attack, strict compliance with the Texas Rules of Civil Procedure regarding the issuance of citation, the manner and mode of service, and the return of process must be shown on the face of the record. *Stankiewicz v. Oca*, 991 S.W.2d 308, 310 (Tex.App.—Fort Worth 1999, no pet.); *Barker CATV Const., Inc. v. Ampro, Inc.*,

989 S.W.2d 789, 792 (Tex.App.—Houston [1st Dist.] 1999, no pet.); *Fowler*, 963 S.W.2d at 943. No presumptions in favor of valid issuance, service, and return are made, and the record must *affirmatively* show strict compliance with the rules. *Stankiewicz*, 991 S.W.2d at 310; *Barker CATV Const., Inc.*, 989 S.W.2d at 792; *Fowler*, 963 S.W.2d at 943.

In his first point of error, Andres contends that service of process was invalid because the private process server failed to verify the return of service. Melissa did not file a brief to respond to Andres's contentions.

Rule 107 of the Texas Rules of Civil Procedure requires a return of citation by a private process server to be verified. TEX.R. CIV. P. 107. "Verified" for purposes of rule 107 has been defined as an acknowledgment of the instrument before a notary public. *Seib v. Bekker*, 964 S.W.2d 25, 28 (Tex.App.—Tyler 1997, no writ); *McGraw–Hill, Inc. v. Futrell*, 823 S.W.2d 414, 416 (Tex.App.—Houston [1st Dist.] 1992, writ denied). Although substituted service was authorized under rule 106 in this case, the order did not specify a different manner of proving service; therefore, proof of service in accordance with rule 107 is required. *See Pao v. Brays Village East Homeowners Ass'n, Inc.*, 905 S.W.2d 35, 38 (Tex.App.—Houston [1st Dist.] 1995, no writ). In this case, the process server completed the "Certificate of Delivery" at the bottom of the return, certifying that he delivered a copy of the "instrument" to Andres Salas Bautista, Sr.; however, there is nothing on the return or attached to the return that can be considered a verification. *See McGraw–Hill, Inc.*, 823 S.W.2d at 416; *see also Seib*, 964 S.W.2d at 28. Since the return was not verified, it did not comply with rule 107.[1]

We sustain Andres's first point of error and reverse the trial court's judgment.

---

1. Because we reverse the trial court's judgment due to the lack of verification, we do not address the other points of error raised in Andres's brief.

The cause is remanded to the trial court for further proceedings consistent with this opinion.