**Dennis FRAZIER, Appellant,**

v.

**Mike DIKOVITSKY, Appellee.**

No. 06–03–00107–CV.

Court of Appeals of Texas, Texarkana.

Date Submitted July 21, 2004.

Date Decided Aug. 13, 2004.

---

Randy Taylor, Mark T. Falcon, Law Office of Randy Taylor, Yantis, for appellant.

Clay M. Johnson, Johnson Law Firm, PC, Sulphur Springs, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

This is a restricted appeal [1] by Dennis Frazier of a default judgment rendered against him and other defendants. Mike

1. TEX.R.APP. P. 30.

Dikovitsky filed suit against John Frazier, James Frazier, and Dennis Frazier, doing business as East Fork Dine and Dance, Inc., for injuries sustained by him while at that establishment. Dikovitsky alleged he was struck with a barstool and knocked to the ground during an altercation between third parties. He alleged the defendants were negligent in serving alcoholic beverages to intoxicated third parties, failing to provide adequate security, and failing to train employees in proper safety, security, and protection procedures.

A hearing was held April 16, 2003, at which time the trial court took judicial notice that citation had been served on Dennis Frazier and John Frazier February 6, 2002, and that no answers had been filed. Dikovitsky testified at that hearing regarding his injuries. A default judgment in favor of Dikovitsky, in the amount of $95,000.00, and against all defendants, was signed by the trial court June 30, 2003.

On August 7, 2003, Dennis Frazier filed an original answer and an untimely motion for new trial. None of the other defendants filed an appearance in the trial court or appealed the default judgment to this Court.[2]

Frazier contends (1) the trial court erred in granting the default judgment because the return on the service of citation was not verified; (2) Dikovitsky failed to sufficiently allege a cause of action against him; (3) Frazier's failure to answer before the default judgment was rendered was the result of mistake or accident, rather than intentional or due to conscious indifference; and (4) Dikovitsky failed to present competent evidence of his damages. We find Frazier's first point of error dispositive.

■ Restricted appeals replace writ of error appeals to the courts of appeals. Tex.R.App. P. 30. Statutes relating to writ of error appeals apply equally to restricted appeals. *Id.* To successfully attack a default judgment by restricted appeal, an appellant must: (1) file the restricted appeal within six months after the final judgment is signed; (2) be a party to the lawsuit; (3) have not participated at trial; and (4) demonstrate error apparent from the face of the record. *Quaestor Invs., Inc. v. State of Chiapas,* 997 S.W.2d 226, 227 (Tex.1999); *see also* Tex.R.App. P. 30.

The record shows Frazier filed this restricted appeal within six months after the trial court signed the default judgment. The clerk's record shows Frazier was a named defendant in the lawsuit. The reporter's record of the default judgment hearing shows Frazier did not participate at the hearing. We conclude Frazier has satisfied the first, second, and third requirements. We must now decide whether reversible error is apparent from the record. Frazier contends the trial court erred in granting the default judgment because the civil process server did not verify the return of service.

■ The return of service is not a trivial, formulaic document. *Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994); *14.9 Grams of Methamphetamine v. State,* 28 S.W.3d 146, 148 (Tex. App.-Texarkana 2000, no pet.). A default judgment cannot withstand a direct attack by a defendant who shows that such defendant was not served in strict compliance with the law. *Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex.1990) (holding default judgment improper against defendant who has not been served in strict compliance with law, even if such defendant has actual knowledge of lawsuit). There are no pre-

**2.** Dennis Frazier asserts that, to his knowledge, none of the other defendants exist.

sumptions in favor of valid issuance, service, and return of citation in the face of a direct attack on a default judgment. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985). In addition, failure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect. *Id.* Virtually any deviation from the statutory requisites for service of process will destroy a default judgment. *Nueces County Housing Assistance, Inc. v. M & M Res. Corp.*, 806 S.W.2d 948, 949 (Tex. App.-Corpus Christi 1991, writ denied).

Rule of Civil Procedure 107 provides in pertinent part:

> The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person. The return of citation by an authorized person shall be verified.

Tex.R. Civ. P. 107.

■ "Verified" as contemplated by Rule 107 requires some sort of an acknowledgment before a notary public.[3] *Bautista v. Bautista*, 9 S.W.3d 250, 251 (Tex.App.-San Antonio 1999, no pet.); *Seib v. Bekker*, 964 S.W.2d 25, 28 (Tex.App.-Tyler 1997, no writ); *McGraw–Hill, Inc. v. Futrell*, 823 S.W.2d 414, 416 (Tex.App.-Houston [1st Dist.] 1992, writ denied) (reversing default judgment because there was nothing on citation or attached to citation that could be considered a verification).

In *Seib*, 964 S.W.2d at 28, the return of service was accompanied with an affidavit stating the process server's qualifications, that he was over eighteen years old, had

no interest in the case, had never been convicted of a crime, and was familiar with the Rules of Civil Procedure and statutes relating to service of citation. The affidavit did not mention the time or manner of service. *Id.* The court concluded that "a return of service of citation by a private process server must contain the fact of service, the time of service, and manner of service, and shall be sworn to by the private process server before a notary public and filed with the papers in the cause." *Id.* The court found the affidavit clearly failed to verify the facts relating to the act of service. *Id.* Because the record before the court did not affirmatively show a verification of the return in strict compliance with the Rules of Civil Procedure, the court found that the judgment could not stand. *Id.; see also Carmona v. Bunzl Distribution*, 76 S.W.3d 566, 569 (Tex. App.-Corpus Christi 2002, no pet.); *Bautista*, 9 S.W.3d at 251–52; *Garza v. Zavala*, 905 S.W.2d 312, 312–13 (Tex.App.-El Paso 1995, no writ).

In this case, the return of citation shows that Biff Chapman, a private process server, served the citation on Frazier at 6:30 p.m. February 6, 2002. The return of service is properly completed and signed by the server, but we find nothing on either the certificate or any accompanying document that could be considered a verification on the return of the service of citation. Because the face of the record fails to show strict compliance with the Rules of Civil Procedure, we conclude Frazier has satisfied the fourth requirement of his restricted appeal. Accordingly, we hold that service of process on Frazier was invalid and of no effect.

■ Dikovitsky contends Frazier waived any objection to the service of cita-

---

3. "Verify" is defined in Black's Law Dictionary as "**1.** To prove to be true; to confirm or establish the truth or truthfulness of; to authenticate. **2.** To confirm or substantiate by oath or affidavit; to swear to the truth of." Black's Law Dictionary 1594 (8th ed.1999).

tion when he filed a post-judgment answer. Dikovitsky contends that Frazier's answer, even though it was post-judgment, submitted Frazier to the jurisdiction of the trial court and constituted a general appearance. This Court has previously held that a general appearance after a default submits the party to the jurisdiction of the trial court, but it does not breathe life into a voidable judgment. *Copystatics, Inc. v. Bourn,* 694 S.W.2d 613, 615 (Tex.App.-Texarkana 1985, writ ref'd n.r.e.) (citing Tex.R. Civ. P. 123; *Cates v. Pon,* 663 S.W.2d 99 (Tex.App.-Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Woodcock, Cummings, Taylor & French, Inc. v. Crosswell,* 468 S.W.2d 864 (Tex.Civ.App.-Houston [1st Dist.] 1971, no writ)). In addition, nothing in Frazier's general answer could be construed as conceding he was duly served. *See Wilson,* 800 S.W.2d at 837 (noting defendant can waive complaint of defective service by conceding issue); *Benefit Planners, L.L.P.,* 81 S.W.3d at 860–61.

Accordingly, the default judgment against Frazier is reversed, and this cause is remanded to the trial court for further proceedings.[4]

---

4. Because we reverse the trial court's judgment due to the lack of verification, we do not address the other points of error raised in Frazier's brief.