# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-04-00309-CV

**Scott C. Haider and Olivia L. Haider, Appellants**

**v.**

**R.R.G. Masonry, Inc., Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. C2002-1100B, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Scott C. Haider and Olivia L. Haider appeal from the no-answer default judgment awarding $12,237.50 to R.R.G. Masonry, Inc. on its claims that it was not paid for supplies provided and work performed to improve the Haiders' real estate. In this restricted appeal, the Haiders complain that they were not properly served with citation. They also complain that the district court erred by rendering judgment on the unliquidated damage award without holding an evidentiary hearing. We will reverse the judgment and remand the cause for further proceedings.

## BACKGROUND

R.R.G. Masonry furnished supplies and work as a mechanic and laborer to a general contractor, David Barr Builders, in order to improve the Haiders' real estate. When David Barr

Builders failed to pay for the work and supplies, R.R.G. Masonry sued David Barr, David Barr Builders, and the Haiders to recover payment for the work and to foreclose its mechanics lien against the Haider property.[1] R.R.G. Masonry also claimed retainage trust fund liability, funds trapped by notice, trust fund liability, breach of contract, quantum meruit, attorney's fees, and interest.

On December 17, 2002, the trial court authorized a non-peace officer and private process server, William A. Vorheier, to serve process upon all defendants involved in the case. The record shows that, during December 17th and 18th, Vorheier made three unsuccessful attempts to serve both Scott C. Haider and Olivia L. Haider at what R.R.G. Masonry alleged to be the last known address of the Haiders.[2] Because the attempts to serve the Haiders were unsuccessful, R.R.G. Masonry filed a motion for alternative service and a supporting affidavit of attempted personal service upon Scott C. Haider in January of 2003, which is required by the rules of civil procedure. *See* Tex. R. Civ. P. 106(b). The record shows no similar supporting affidavit regarding service upon Olivia L. Haider.

The trial court granted the motion for alternative service upon both Scott C. Haider and Olivia L. Haider and authorized the delivery of citations and petitions to anyone over sixteen years of age who answered the door at the last known home address of the Haiders, as stated in

---

[1] Although R.R.G. Masonry's original petition named as defendants David Barr both individually and under the assumed name David Barr Builder, Barr did not appeal, and will therefore be excluded from any further analysis.

[2] The Haiders' address at the time of service is hotly contested.

2

R.R.G. Masonry's original petition. In addition, the trial court stated that, if no one answered the door, substituted service could be accomplished by posting the citations and petitions at the front door of the residence. The order specifies that "proof of service shall be made by the person executing the return, stating when the citation was served, on whom it was served, and where it was served." The order does not contain any specific instructions regarding verification of the return of service.

Vorheier again attempted to serve both of the Haiders at their assumed last known address on January 3, 2003. However, the returns of service of process for both Scott C. Haider and Olivia L. Haider do not state the manner in which the citation was served. In addition, the record does not contain any evidence showing that the returns of citation for the Haiders were verified by acknowledgment before a notary public. *See* Tex. R. Civ. P. 107 (requiring return of citation be verified); *Bautista v. Bautista*, 9 S.W.3d 250, 251 (Tex. App.—San Antonio 1999, no pet.) (specifying that "verified" in rule 107 means acknowledged before notary public).

The Haiders did not file an answer and did not participate in the trial. The trial court rendered final judgment in favor of R.R.G. Masonry in December 2003, finding Scott C. Haider, Olivia L. Haider, David Barr, and David Barr Builders jointly and severally liable for damages. The Haiders appeal the judgment of the trial court.

## DISCUSSION

A party who does not participate in the trial and does not file a timely post-judgment motion may file a restricted appeal to contest the judgment under certain circumstances. *See* Tex.

3

R. App. P. 30 (allowing for restricted appeal to court of appeals in civil cases). To obtain a reversal of a judgment by restricted appeal, a party must satisfy four elements: (1) a notice of restricted appeal must be filed within six months after the judgment is signed; (2) by a party to the lawsuit; (3) who did not participate in the hearing that resulted in the judgment and did not file any timely post-judgment motions; and (4) error must be apparent on the face of the record. *See id.*; *Quaestor Invs. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999). The first three requirements are satisfied because the notice of appeal was filed on May 5, 2004, which was within six months from the date the judgment was signed, the Haiders were party to the lawsuit, and they did not participate in the trial nor file any timely post-judgment motions.

The Haiders assert that two errors are apparent on the face of the record. First, the Haiders complain that the return of service did not strictly comply with the rules of procedure or the order authorizing substituted service. Second, the Haiders complain that the trial court erred by failing to conduct an evidentiary hearing on the issue of unliquidated damages after rendering a default judgment.

In a restricted appeal, the record must affirmatively show strict compliance with the rules of civil procedure regarding the issuance of service. *Bautista*, 9 S.W.3d at 251. No presumptions in favor of valid issuance, service, and return of citation are made in the face of a direct attack on a default judgment. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). If proper service of process is not affirmatively shown, then there is error on the face of the record. *Primate Constr. Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994).

4

When standard service of citation is unsuccessful, the rules of civil procedure permit substituted service by persons other than sheriffs or constables, so long as the return of service is verified. Rule 106(b) outlines the requirements for substituted service:

> Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service
>
>    (1)  by leaving a true copy of the citation with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or
>
>    (2)  in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106(b).

Any person authorized by law or written order of the court who is not less than eighteen years of age may serve citation. Tex. R. Civ. P. 103 cmt. ("[C]ourts are permitted to authorize persons other than Sheriffs or Constables to serve Citation"). Rule 107 requires verification of the return of citation by these authorized persons:

> The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person. The return of citation by an authorized person shall be verified.

Tex. R. Civ. P. 107.

5

Verification of an instrument requires acknowledgment before a notary public. *Bautista*, 9 S.W.3d at 251; *see also McGraw-Hill, Inc. v. Futrell*, 823 S.W.2d 414, 416 (Tex. Civ. App.—Houston [1st Dist.] 1992, writ denied) (defining "verified," as written in rule 107, as meaning acknowledged before notary public). The return of service of process under rule 107 is not a trivial or formulaic document; it is prima facie evidence of the facts recited therein. *Primate Constr.*, 884 S.W.2d at 152. Where citation is executed by an alternative method as authorized by rule 106(b), proof of service in accordance with rule 107 is required, unless the court specifies a different manner of proving service. *Bautista*, 9 S.W.3d at 251; *Pao v. Brays Village E. Homeowners Ass'n, Inc.*, 905 S.W.2d 35, 38 (Tex. App.—Houston [1st Dist.] 1995, no writ).

The service of citation on the Haiders did not satisfy these standards. The trial court authorized Vorheier to serve the Haiders through the alternative or substitute method, according to rule 106(b). Because the order for alternative service did not include any specific instructions regarding verification, the proof of service must be in accordance with rule 107. Rule 107 requires that Vorheier, as a non-peace officer authorized by the court to serve process upon all defendants, provide verification of all returns of service of process upon all defendants, including acknowledgment before a notary public. *See* Tex. R. Civ. P. 107, *Bautista*, 9 S.W.3d at 251. Vorheier filed an affidavit of attempted personal service on Scott C. Haider, but it shows failed attempts at service, not completed service. The record contains no such verification of the returns of service of process for either Scott C. Haider or Olivia L. Haider.

Service of process was defective as to both Haiders for two additional reasons. First, substituted service appears to be defective as to Olivia L. Haider because R.R.G. Masonry failed to

6

attach an affidavit concerning Mrs. Haider to its motion for alternative service. *See* Tex. R. Civ. P. 106(b); *Wilson*, 800 S.W.2d at 836. Second, the return of service on Scott C. Haider does not strictly comply with the rules of civil procedure as it fails to state when the citation was served and the manner of service. *See* Tex. R. Civ. P. 107; *Seib v. Bekker*, 964 S.W.2d 25, 28 (Tex. App.—Tyler, 1997, no writ); *see also Dolly v. Aethos Communs. Sys., Inc.*, 10 S.W.3d 384, 389 (Tex. App.—Dallas 2000, no pet.) (finding that verification on return of service must verify *facts* relating to act of service).

The appellants urge that these three defects constitute minor flaws that do not invalidate the service of process upon both Haiders. But the law requires that the record affirmatively show strict compliance with the service requirements before a default judgment will be upheld on appeal. *Bautista*, 9 S.W.3d at 251. The unverified returns of service fail to strictly comply with the applicable requirements of the rules of civil procedure. *Id.*; *see also* Tex. R. Civ. P. 106(b), 107. Since the record does not affirmatively show proper service of process, there is error on the face of the record. *Primate Constr., Inc.*, 884 S.W.2d at 153. Because the Haiders have satisfied all the requirements necessary to obtain a reversal of a judgment in a restricted appeal, we hereby reverse the default judgment given by the trial court and remand.

Because the deficient service of citation requires that we reverse the judgment and remand the cause for further proceedings, we need not address the Haiders' complaint that the court failed to hold an evidentiary hearing on the unliquidated damages.

7

## CONCLUSION

We reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.

_____

_____ W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Reversed and Remanded

Filed:   July 7, 2005

8