In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-491 CV


____________________



JAMES FLANIGAN, d/b/a TRADE HOMES, Appellant



V.



GILBERT SCHNEIDER, Appellee






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 03-12-09221 CV






 MEMORANDUM OPINION (1)


 Appellant, James Flanigan, d/b/a Trade Homes (hereafter "Flanigan") brings this
restricted appeal from a default judgment awarded in a deceptive trade practices case arising
out of the sale of a mobile home. In three issues, Flanigan contends the award of double
economic damages was improper, he was not properly served with petition and citation, and
the defective service voids the default judgment as a matter of law. We hold the return of
service filed of record is defective and cannot support a default judgment. In light of our
disposition of Flanigan's second and third issues, we need not reach Flanigan's first issue. 
Accordingly, we reverse and remand.

 In September 2003, Flanigan sold appellee Gilbert Schneider a mobile home for
$14,500. In December 2003, Schneider filed a deceptive trade practices suit against Flanigan
asserting misrepresentations and non-disclosures with respect to the sale of the mobile home. 
After attempts to serve Flanigan at his home and place of business were unsuccessful,
Schneider filed a Motion for Alternative Service pursuant to Rule 106 of the Rules of Civil
Procedure. Tex. R. Civ. P. 106. Two affidavits were attached to Schneider's motion that
stated service was attempted by Joe Winter, a person authorized to serve process under Rule
103. See Tex. R. Civ. P. 103. The trial court granted the motion and authorized service of
citation by either serving it to "any person over the age of 16 at James Flanigan's place of
business" or by affixing it to Flanigan's door at his place of business. See Tex. R. Civ. P.
106(b). The return of service recites that Joe Winter served Flanigan with citation. The
return of service that was filed was not verified. The trial court held a hearing at which
Flanigan failed to appear. After hearing evidence on damages, the trial court granted a
default judgment in favor of Schneider. 

 An appellant filing a restricted appeal must appeal within six months after the
judgment was signed, must be a party to the suit, must not have participated in the hearing
that resulted in the judgment, and must demonstrate that error appears on the face of the
record. Laas v. Williamson, 156 S.W.3d 854, 857 (Tex. App.-- Beaumont 2005, no pet. h.)
(citing Quaestor Invs., Inc. v. State of Chiapas, 997 S.W.2d 226, 227 (Tex. 1999) (per
curiam); Tex. R. App. P. 26.1(c), 30). Flanigan filed his first notice of appeal within six
months after the judgment was signed, was a party to the suit, and did not participate in the
default judgment hearing. Flanigan has satisfied the first three requirements for filing a
restricted appeal. 

 The fourth requirement we review is whether reversible error is apparent from the
record. Flanigan argues, in his second issue, that the return of service is defective because
it was delivered to an address that does not exist, it is not stamped with a file date, and is not
verified. Schneider concedes the return was not verified and argues the action should be
remanded to the trial court for a trial on the merits. 

 Citation may be served by any sheriff or constable or other person authorized by law,
or by any person of at least eighteen years of age authorized by law or by written court order. 
Tex. R. Civ. P. 103. The return of service must be endorsed by the officer or authorized
person executing the citation. Tex. R. Civ. P. 107. If the return is by an authorized person,
it must be verified. Tex. R. Civ. P. 107. This Court and others have held that Rule 107
requires an acknowledgment of the instrument before a notary public. Laas, 156 S.W.3d at
858; Frazier v. Dikovitsky, 144 S.W.3d 146, 149 (Tex. App.--Texarkana 2004, no pet.);
Armendariz v. Barragan, 143 S.W.3d 853, 855 (Tex. App.-- El Paso 2004, no pet.); Carmona
v. Bunzl Distribution, 76 S.W.3d 566, 569 (Tex. App.--Corpus Christi 2002, no pet.);
Bautista v. Bautista, 9 S.W.3d 250, 251 (Tex. App.--San Antonio 1999, no pet.); Garza v.
Zavala, 905 S.W.2d 312, 313 (Tex. App.--El Paso 1995, no writ); McGraw-Hill, Inc. v.
Futrell, 823 S.W.2d 414, 416 (Tex. App.--Houston [1st Dist.] 1992, writ denied). 

 "Where citation is executed by an alternative method as authorized by Rule 106,
proof of service shall be made in the manner ordered by the court." Tex. R. Civ. P. 107. 
When a trial court's Rule 106 order does not specify a manner of proving service different
from that required under Rule 107, proof of service in accordance with Rule 107 is sufficient. 
Bautista, 9 S.W.3d at 251; Pao v. Brays Village East Homeowners Ass'n, Inc., 905 S.W.2d
35, 38 (Tex. App.-- Houston [1st Dist.] 1995, no writ); Tex. R. Civ. P. 107. 

 "[S]trict compliance with the rules for service of citation [must] affirmatively appear
on the record in order for a default judgment to withstand direct attack." Primate Const., Inc.
v. Silver, 884 S.W.2d 151, 152 (Tex. 1994). "There are no presumptions in favor of valid
issuance, service, and return of citation in the face of a writ of error attack on a default
judgment." Id. "Moreover, failure to affirmatively show strict compliance with the Rules
of Civil Procedure renders the attempted service of process invalid and of no effect." Uvalde
Country Club v. Martin Linen Supply Co., 690 S.W.2d 884, 885 (Tex. 1985).

 In this case, the trial court's Rule 106 order did not specify a manner of proving
service materially different from that required under Rule 107; therefore, the return of service
must be verified. See Bautista, 9 S.W.3d at 251; Tex. R. Civ. P. 107. The return of service
shows Joe Winter, a citizen, served citation on Flanigan in person. The return of service is
properly completed and signed by the server, but we find nothing on either the citation or any
accompanying document that could be considered a verification of the return of citation. 
Because the face of the record fails to show strict compliance with the Rules of Civil
Procedure, we conclude Flanigan has satisfied the fourth requirement of his restricted appeal. 
Issue two is sustained.

 Issue three contends the default judgment is void as a matter of law. "A judgment is
void only when it is apparent that the court rendering the judgment had no jurisdiction of the
parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment or no
capacity to act as a court." Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex. 1990). 
Furthermore, "the mere fact that an action by a [trial court] is contrary to a statute,
constitutional provision or rule of civil or appellate procedure makes it 'voidable' or
erroneous." Id. Here, the trial court's jurisdiction over the parties and subject matter and its
capacity to act as a court are not at issue. Rather, the trial court's entry of the default
judgment is contrary to the Rules of Civil Procedure regarding service of citation and thus,
the court's judgment is not void as a matter of law. This trial court committed a procedural
error by entering a default judgment in light of the fact that the return of service was not
verified. The judgment is voidable under these circumstances, but it is not void. Issue three
is overruled.

 Flanigan prays for this Court to award him court costs and attorney's fees and dismiss
the case in its entirety. The proper remedy for a defendant who successfully complains he
was not served in strict compliance with applicable requirements is a reversal of the default
judgment and a remand to the trial court for a trial on the merits. See Wood v. Brown, 819
S.W.2d 799, 800 (Tex. 1991).

 Accordingly, the judgment of the trial court is reversed and the cause is remanded to
the trial court for further proceedings consistent with this opinion. (2)

 REVERSED AND REMANDED.



 ___________________________

 HOLLIS HORTON

 Justice 




Submitted on April 21, 2005

Opinion Delivered July 14, 2005

Before McKeithen, C.J., Kreger and Horton, JJ.
1. Tex. R. App. P. 47.4.
2. Flanigan is deemed to have made an appearance in this case. Tex. R. Civ. P. 123.