

**MEMORANDUM OPINION**

No. 04-09-00318-CV

Jacqueline **ZAVALA**,
Appellant

v.

Danny R. **SCHEXNAYDER**, Jr.,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-00007
Honorable Andy Mireles, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:        Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  December 9, 2009

REVERSED AND REMANDED

This is an appeal from a divorce decree dissolving the marriage of Appellant Jacqueline

Zavala and Appellee Danny Schexnayder.  On appeal, Zavala asserts the default judgment

should be set aside because of (1) defective service and (2) the default divorce was not recorded

by a court reporter.  Because we conclude that service was defective, we reverse the judgment of

the trial court and remand this matter for further proceedings consistent with this opinion.

### FACTUAL BACKGROUND

On January 2, 2009, Schexnayder filed a petition for divorce in Bexar County, Texas. The Bexar County District Clerk's Office prepared a citation and delivered it to counsel for Schexnayder. Schexnayder's counsel mailed the citation, with an attached petition, to Zavala. At the time, Zavala was residing in El Paso, Texas with the couple's three children. The record reflects that Zavala received and signed for the package containing the citation and petition on January 22, 2009. However, the "Officer's Return" portion of the citation was never signed. Consequently, a notary public did not verify the "Officer's Return." Zavala did not file an answer or respond to the citation.

On March 10, 2009, Schexnayder obtained a default divorce. The divorce decree made Schexnayder the joint conservator with the right to determine the residence of the couple's children and awarded Zavala visitation rights. Zavala received a copy of the default divorce decree in April and filed a motion for new trial on the basis of defective service. On May 15, 2009, Zavala's motion for new trial was denied. This appeal followed.

### DEFECTIVE SERVICE

The Texas Rules of Civil Procedure relating to the issuance, service and return of citation are generally regarded as mandatory. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *Benefit Planners, L.L.P. v. RenCare, Ltd*, 81 S.W.3d 855, 858 (Tex. App.—San Antonio 2002, pet. denied). A party must affirmatively show compliance with the rules or the attempted service of process is rendered invalid and of no effect. *Benefit Planners*, 81 S.W.3d at 858. More specifically, "[v]irtually any deviation will be sufficient to set aside a default judgment on appeal." *Becker v. Russell*, 765 S.W.2d 899, 900 (Tex. App.—Austin 1989, no writ) (citing *McKanna v. Edgar*, 388 S.W.2d 927 (Tex. 1965)). "No presumptions in favor of valid issuance,

service, and return are made, and the record must *affirmatively* show strict compliance with the rules." *Bautista v. Bautista*, 9 S.W.3d 250, 251 (Tex. App.—San Antonio 1999, no pet.) (emphasis original). Rule 107 of the Texas Rules of Civil Procedure requires that a return of citation be verified by an authorized person. *See* TEX. R. CIV. P. 107 ("The return of the citation by an authorized person shall be verified."). The term "verified," for purposes of Rule 107, requires some form of "an acknowledgment of the instrument before a notary public." *Bautista*, 9 S.W.3d at 251; *Frazier v. Dikovitsky*, 144 S.W.3d 146, 149 (Tex. App.—Texarkana 2004, no pet.). In the present case, although the envelope containing the citation was delivered to and received by Zavala, the record does not contain a verified return or any type of documentation attached to the return that can be considered a verification. *Id*; *see also* TEX. R. CIV. P. 107. Because the return was not verified, it did not comply with Rule 107. *Bautista*, 9 S.W.3d at 251. Because Schexnayder's defective service is dispositive in this matter, we need not address Zavala's remaining issues. *See* TEX. R. APP. P. 47.1 (requiring concise opinions addressing only those issues "necessary to find disposition of the appeal"). Accordingly, the judgment of the trial court is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.

Rebecca Simmons, Justice