

## NUMBER 13-24-00020-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

**MOONLIGHT FLP,**                                              **Appellant,**

**v.**

**TARUN GAJERA,**                                               **Appellee.**

---

### ON APPEAL FROM THE 166TH DISTRICT COURT
### OF BEXAR COUNTY, TEXAS

---

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Tijerina and Peña
### Memorandum Opinion by Justice Tijerina

In this restricted appeal, appellant Moonlight FLP contends that we should reverse

a default judgment due to error on the face of the record. We reverse and remand.[1]

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

## I.   BACKGROUND

On January 4, 2023, appellee Tarun Gajera filed a petition to expunge lis pendens alleging that the supporting affidavit was deficient. Gajera also filed a form entitled "Request for Process" on January 4, 2023, stating that citation of service could be affected by serving Moonlight's registered agent Raul Cantu at 5848 Broadway, #234, San Antonio, Texas 78217.[2] The next document in the record is a form dated January 4, 2023, entitled "CITATION," which notes that the citation is directed at Moonlight by serving its registered agent, Cantu. However, the "Officer's Return" does not include the required information, including, among other things, the server's name, the server's signature, the "Verification of Return (if not served by a peace officer)," or a declaration under penalty of perjury that the forgoing information on the form is true and correct. Furthermore, the section where the server should have stated that he or she had not executed service is completely blank. Thus, there is nothing on this form showing that service had either been made or had been attempted but not completed.

Next, the record reflects that on March 3, 2023, Gajera filed his "First Amended Petition to Expunge Lis Pendens" stating, "[Moonlight] is a domestic limited partnership [that] can be served through the Texas Secretary of State [SOS] . . . ." On March 10, 2023, Gajera filed a second "Request for Process" stating that service of process could be made on Moonlight through the SOS. The next document in the record is a second

---

[2] We note that the facts regarding service on Moonlight are not completely clear from our review of the record. Although Gajera cites to the record in his brief, his citations do not match the documents he claims to be in the record. Furthermore, the record was still incomplete after three supplemental clerk's records were filed; thus, the Clerk of the Court requested that the record be supplemented once more. The fourth supplemental record was then filed. Neither party has informed us that the record is incomplete.

2

"Citation" dated March 17, 2023, showing that Moonlight could be served via the SOS. Although the document requires that certain information be provided, the document is blank. On May 25, 2023, a document was filed stating that on April 27, 2023, the SOS sent "a copy of the Citation and Plaintiff's First Amended Petition to Expunge Lis Pendens" by certified mail to Moonlight at 11103 San Pedro, Suite 244, San Antonio, Texas 78216, but it was returned to the SOS's office "Bearing the notation, Return to Sender, Not Deliverable as Addressed, Unable to Forward."

On May 30, 2023, Gajera filed a "Motion for Substituted Service" requesting that the citation be posted on the courthouse door; Gajera attached an affidavit signed on May 30, 2023, by Germain Letourneau stating: "I have attempted to serve process on [Moonlight] at the following dates and locations. . . Monday, January 16th/23. Address in the petition is a PO Box. Unable to serve. 11103 San Pedro #244. San Antonio, TX 78216." On June 1, 2023, the trial court ordered that "service of citation may be made on [Moonlight], by posting a copy of the petition and a copy of this order attached on the door of the Bexar County Courthouse." The notice was posted on June 14, 2023.

The trial court held a hearing on Gajera's petition to expunge lis pendens on August 4, 2023. Moonlight did not appear at the hearing, and the trial court granted a default judgment ordering that the lis pendens be expunged and awarded Gajera attorney's fees. On August 7, 2023, Gajera filed "Attorney's Certificate of [Moonlight's] Last Known Mailing Address" certifying that Moonlight's last known mailing address "is c/o [Cantu], 11103 San Pedro, Suite 244, San Antonio, Texas 78216." On August 8, 2023, the trial court notified Moonlight of the default judgment. On October 17, 2023, the notice of the default

judgment, which was mailed to Moonlight at "11103 STE 244 San Pedro San Antonio, TX 78216," was returned to the trial court with the notation "Return to Sender." Moonlight filed its restricted appeal on December 15, 2023.

## II.    RESTRICTED APPEAL

Generally, a notice of appeal is due within thirty days after a final judgment is signed. TEX. R. APP. P. 26.1. Nonetheless, a party that misses its deadline to file its notice of appeal may obtain appellate relief via a restricted appeal if: (1) the party (a) filed its notice of appeal within six months after the judgment was signed, (b) did not participate in the hearing that resulted in the complained-of judgment, and (c) did not timely file a post-judgment motion or request findings of fact and conclusions of law; and (2) error is apparent on the face of the record.[3] *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Tex. Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 278 (Tex. App.— Corpus Christi–Edinburg 2007, no pet.). "The 'face of the record' includes all papers on file in the appeal and the reporter's record, if any." *Fredricks*, 235 S.W.3d at 280.

Rule 107 requires that the return of service be completed and signed by the officer or authorized person executing the citation. TEX. R. CIV. P. 107(a), (e); *see also Worldwide Autotainment, Inc. v. Galloway*, No. 14-17-00761-CV, 2019 WL 386056, at *2 (Tex. App.—Houston [14th Dist.] Jan. 31, 2019, no pet.) (mem. op.). The return must include, among other things, "a description of what was served," the name of the server, "the address served," and "person or entity served." TEX. R. CIV. P. 107(b). If the citation has not been served, the return shall show the server's diligence in attempting service, "and

---

[3] It is uncontested that the only issue before us is whether error appears on the face of the record.

4

the cause of failure to execute it, and where the defendant is to be found, if ascertainable." *Id.* Rule 107 also requires that the server sign the return, and if the server is not a peace officer, "the return must either be verified or be signed under penalty of perjury." *Id.* "'Verified' as contemplated by Rule 107 requires some sort of an acknowledgment before a notary public." *Frazier v. Dikovitsky*, 144 S.W.3d 146, 149 (Tex. App.—Texarkana 2004, no pet.). "Virtually any deviation from the statutory requisites for service of process will destroy a default judgment." *Id.*

### III.    DISCUSSION

Here, the server who attempted to serve Moonlight is unknown because that person did not fill in the required information on the return of service and did not sign it. *See* TEX. R. CIV. P. 107. Thus, the return is missing all information regarding service including, among other things, the date of service or attempted service, a statement that either a peace officer or anyone else attempted service, a description of what was served or attempted to be served, and the manner of delivery of service or attempted service.[4] *See* TEX. R. CIV. P. 107(a), (e); *see also Worldwide Autotainment, Inc.*, 2019 WL 386056, at *2. Additionally, the return does not state that the unknown server either served or attempted to serve Moonlight's registered agent, Cantu, and it is not verified.

---

[4] In his affidavit, Letourneau claimed that he had attempted to serve Moonlight, but he was unable to do so. Letourneau did not state (1) who he attempted to serve, (2) the reason for his inability to serve Moonlight's registered agent, (3) the address he attempted to serve was Moonlight's usual place of business, and (4) the "specific facts showing that traditional service under either [Rule 106](a)(1) or (a)(2) at the location named in [the] affidavit ha[d] been attempted but ha[d] not been successful." *See In re of M.M.M.A.*, 583 S.W.3d 632, 636 (Tex. App.—El Paso 2018, no pet.); *see also* TEX. R. CIV. P. 106(a)(1), (2) (allowing service by delivering the citation and petition to the defendant or by mailing it to the defendant by registered or certified mail, return receipt requested). Thus, we reject Gajera's argument that Letourneau's affidavit sufficiently shows that he complied with Rule 107.

The face of the record fails to show strict compliance with the Rules of Civil Procedure; thus, we conclude Moonlight has satisfied the fourth requirement of its restricted appeal. *See Frazier*, 144 S.W.3d at 149 (holding that the record failed to show strict compliance with the rules of civil procedure even though "the return of service [was] properly completed and signed by the server" because there was nothing in the record showing that the return was verified); *Benefit Planners, L.L.P. v. RenCare, Ltd.*, 81 S.W.3d 855, 859 (Tex. App.—San Antonio 2002, pet. denied) (explaining that the although the return noted that the agent for service of process had been served, the "notation only . . . establish[ed] [the] identity [of the] agent for service of process," but "it failed to establish that [the corporate defendant] was served"); *Barker CATV Const., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 793 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (concluding that the return was fatally defective because "[t]he notation 'James Barker' on the original return [did] not establish that the person served is in fact the defendant's agent for service of process, nor [did] it establish that the defendant, Barker CATV Construction, Inc., was served"); *Bavarian Autohaus, Inc. v. Holland*, 570 S.W.2d 110, 113 (Tex. App.—Houston [1st Dist.] 1978, no writ) (holding that the return was fatally defective because "[t]he original officer's return did not state that Bavarian Autohaus was served by serving 'Clint Hughes V. Pres'" and "[i]t did not recite, as it must, that process was delivered to the defendant, Bavarian Autohaus, through its named agent"); *see also Excel Residential Servs., Inc. v. Jackson*, No. 13-20-00342-CV, 2021 WL 2694777, at *3 (Tex. App.—Corpus Christi–Edinburg July 1, 2021, no pet.) (mem. op.) (determining that error was apparent on the face of the record because the return did "not contain: (1) the date of

6

service or attempted service, (2) the name of the person who served or attempted to serve the process, or (3) the signature of the officer or authorized person who served or attempted to serve the citation"); *Le Nguyen v. Lopez*, 582 S.W.3d 468, 473 (Tex. App.—Amarillo 2018), *opinion modified on reh'g*, No. 07-15-00128-CV, 2018 WL 5093286 (Tex. App.—Amarillo Oct. 18, 2018, no pet.) ("Given the absence of 1) a verification, 2) a statement that the signature was made under penalty of perjury, and 3) the name of the person authorized to serve Le, there was no strict compliance with the demands of Rule 107."). Accordingly, we hold that service of process on Moonlight was invalid and of no effect. *Frazier*, 144 S.W.3d at 149; *Carmona v. Bunzl Distrib.*, 76 S.W.3d 566, 568 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.). Therefore, default judgment was improper, and error is apparent on the face of the record. *See Frazier*, 144 S.W.3d at 149; *see also Excel Residential Servs., Inc.*, 2021 WL 2694777, at *3. We sustain Moonlight's first issue.[5]

## IV. CONCLUSION

We reverse the trial court's judgment and remand to the trial court for further proceedings.

JAIME TIJERINA
Justice

Delivered and filed on the
25th day of July, 2024.

---

[5] By its second and third issues, Moonlight contends that substituted service was improper because Gajera failed to use due diligence in effectuating service of process and that Letourneau's affidavit demonstrates further error on the face of the record. We have determined that service of process was insufficient; therefore, we need not address Moonlight's second and third issues. *See* TEX. R. APP. P. 47.1.

7