**Opinion filed January 16, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00172-CV

_____

**THE SPRITZ GRILL & BAR, LLC, Appellant**

**V.**

**CINTAS CORPORATION NO. 2, Appellee**

**On Appeal from the 32nd District Court**

**Nolan County, Texas**

**Trial Court Cause No. 20677**

**M E M O R A N D U M   O P I N I O N**

This is a restricted appeal in which Appellant, The Spritz Grill & Bar, LLC (Spritz), challenges a default judgment rendered against it in favor of Appellee, Cintas Corporation No. 2 (Cintas). In a single issue on appeal, Spritz contends that the default judgment must be reversed because there is a fatal service defect on the face of the record. Cintas has not filed a brief in this appeal. Instead, Cintas filed a letter with this court stating that "[u]pon review of the Appellant's brief and the

record, [Cintas] does not intend to respond or otherwise oppose the relief requested." Because Cintas failed to serve Spritz in strict compliance with the rules governing service of process, we reverse and remand this cause for further proceedings.

*Background Facts*

Cintas and Spritz entered into a "Facility Services Rental Service Agreement" in March 2021. Cintas sued Spritz in December 2023 to recover monetary damages after Spritz allegedly repudiated and breached the contract. The trial court clerk issued citation on December 7, 2023. A copy of the return shows that a private process server personally served Big Country Bookkeeping LLC, the registered agent for Spritz, with a copy of the citation and original petition on December 19, 2023, but the return is neither verified nor signed under penalty of perjury. The return was filed with the trial court clerk on December 26, 2023.

On March 19, 2024, after Spritz failed to file an answer, Cintas filed a motion for default judgment. In support of its motion, Cintas attached (1) a copy of the contract between Spritz and Cintas; (2) an affidavit from Cintas's general manager, who stated that the contract between Cintas and Spritz was terminated with 135 weeks remaining on the term of the contract, resulting in liquidated damages to Cintas in the amount of $10,675.13; (3) the general manager's certification of Spritz's last known address; (4) an "Average Weekly Volume (AWV) Calculations Summary Sheet" and multiple invoices billed from Cintas to Spritz; and (5) an affidavit from Cintas's attorney, who stated that Cintas was entitled to recover reasonable attorney's fees in the amount of $2,500.

The trial court rendered default judgment in favor of Cintas on March 19, 2024, and awarded it the full amount of monetary damages and attorney's fees requested in its motion, as well as prejudgment and postjudgment interest and court costs. On June 11, 2024, Spritz filed a notice of restricted appeal.

2

*Analysis*

To prevail in a restricted appeal, Spritz must prove that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of, and it did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)).

It is uncontroverted that Spritz timely filed this restricted appeal, that it was a party to the underlying suit, that it did not participate in the hearing resulting in the default judgment, and that it did not file any postjudgment motions or requests for findings of fact and conclusions of law. Thus, the only remaining question is whether error is apparent on the face of the record.

We do not presume that citation was validly issued, served, or returned when reviewing a default judgment on restricted appeal. *Spanton v. Bellah*, 612 S.W.3d 314, 316–17 (Tex. 2020) (per curiam); *Fidelity and Guar. Ins. Co. v. Drewery Const. Co., Inc.*, 186 S.W.3d 571, 573 (Tex. 2006) (per curiam) (citing *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam)); *Pirate Oilfield Servs., Inc. v. Cunningham*, 631 S.W.3d 421, 426 (Tex. App.—Eastland 2021, no pet.). Strict compliance with the rules of service of citation is required for a default judgment to withstand a restricted appeal. *Spanton*, 612 S.W.3d at 316 (citing *Primate Constr.*, 884 S.W.2d at 152); *Pirate Oilfield*, 631 S.W.3d at 426. Valid service is "a vital component of a valid judgment," and invalid service cannot establish the trial court's personal jurisdiction over a party. *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990);

*Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam)).

Failure to comply with the rules of civil procedure governing issuance, service, and return of citation constitutes error on the face of the record. *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009) (citing *Primate Constr.*, 884 S.W.2d at 152); *Mandel v. Lewisville Indep. Sch. Dist.*, 445 S.W.3d 469, 474 (Tex. App.—Fort Worth 2014, pet. denied) (citing *Lytle v. Cunningham*, 261 S.W.3d 837, 840 (Tex. App.—Dallas 2008, no pet.)).

The return of service is not a trivial document. *See Primate Constr.*, 884 S.W.2d at 152. Spritz asserts that the default judgment must be reversed because the return was served by a private process server but it was not verified or signed under penalty of perjury in violation of Rule 107(e) of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 107(e). Rule 107 requires "[t]he officer or authorized person who serves or attempts to serve a citation [to] sign the return." *Id.* But "[i]f the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return must either be verified or be signed under penalty of perjury." *Id.* "'Verified' as contemplated by Rule 107 requires some sort of an acknowledgment before a notary public." *Frazier v. Dikovitsky*, 144 S.W.3d 146, 149 (Tex. App.—Texarkana 2004, no pet.) (quoting *Bautista v. Bautista*, 9 S.W.3d 250, 251 (Tex. App.—San Antonio 1999, no pet.)). If the return is signed under penalty of perjury, it must contain the included statement in Rule 107(e) in "substantially" the same form. Tex. R. Civ. P. 107(e). Failure to affirmatively show strict compliance with Rule 107 renders attempted service invalid. *Uvalde Country Club*, 690 S.W.2d at 885.

The return of service in this case was signed by Blake Sims, a private process server. In that regard, the return of service identifies Sims as a private process server. Because Sims was not a sheriff, constable, or court clerk, the return was required to

have been verified or signed under penalty of perjury in order to comply with Rule 107. *See* TEX. R. CIV. P. 107(e). Neither was done here. The return does not contain a space for a notary's signature, nor does it contain the perjury statement required by Rule 107. *See id.*

Because the return of service in this case did not strictly comply with Rule 107, it was invalid. *See Uvalde Country Club*, 690 S.W.2d at 885; *Gillmore v. Gbenjen*, No. 02-17-00015-CV, 2017 WL 4683832, at *2 (Tex. App.—Fort Worth Oct. 19, 2017, no pet.) (mem. op.) (citing *Uvalde Country Club*, 690 S.W.2d at 885) (holding return that was not verified or signed under penalty of perjury was error on the face of the record). Accordingly, the trial court did not acquire personal jurisdiction over Spritz, and the default judgment is void as a result. *Mandel*, 445 S.W.3d at 474. Thus, and as Appellee concedes, Spritz is correct in its assertion that error is apparent on the face of the record. *See Lejeune*, 297 S.W.3d at 256. We sustain Appellant's sole issue.

## *This Court's Ruling*

We reverse the trial court's default judgment and remand this cause to the trial court for further proceedings.


JOHN M. BAILEY
CHIEF JUSTICE


January 16, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.