NO. 12-11-00007-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

RODNEY KEN NEEDHAM,                         
§       APPEAL FROM THE 294TH

APPELLANT

            

V.                                                                      
§       JUDICIAL DISTRICT COURT OF            

            

CMC CITYSCAPE II, LTD., A
TEXAS

LIMITED PARTNERSHIP,

APPELLEE                                                     
§       VAN ZANDT COUNTY, TEXAS    







MEMORANDUM
OPINION

            This
is an appeal from a default judgment.  In two issues, Appellant, Rodney Ken
Needham, contends that service of citation was fatally defective.  We affirm.

 

Background

            Appellant,
Rodney Ken Needham, executed a security agreement granting Franklin Bank,
S.S.S., a security interest in all inventory and equipment owned by Needham. 
Thereafter, Appellee, CMC Cityscape II, Ltd., became the successor in interest
of the note.

            On June
9, 2010, CMC filed a petition for suit on the note alleging that Needham defaulted
in paying the note, and that the amount due was $12,478.30.

            The
deputy sheriff made four futile attempts to personally serve Needham.  CMC’s motion
for alternative service dated July 23, 2010, states that “reasonably effective
notice of the suit may be given to Rodney Ken Needham, by having any person
authorized by Rule 106, Texas Rules of Civil Procedure, leave a true copy of
the citation, with a petition attached, with anyone over sixteen years of age
or by posting on the door at the location specified in the attached affidavit
of Samuel D. Henson – Deputy Sheriff.”  The judge’s order on the motion for alternative
service states the following method of service was to be utilized:  “by leaving
a copy of the citation with pleadings and orders attached at: 491 CR 4126,
Canton, Van Zandt County, Texas 75103 with anyone over sixteen years of age or
by posting on the door at that address.”  The return of service made by the deputy
sheriff recites “alternate process to the residence main entry of Rodney
Needham” on August 27, 2010.  The deputy sheriff’s return was not verified.

            On
October 14, 2010, the trial court granted CMC a default judgment.  Needham filed
a motion for new trial alleging invalid service.  After hearing, the motion was
overruled by operation of law.

 

Validity of Service 

            In two issues, Needham
contends that service of citation was fatally defective.

Standard
of Review

            A
trial court may authorize substituted service only after a proper affidavit is
filed that states specifically the facts showing that service has been
attempted.  Tex. R. Civ. P. 106(b). 
“In reviewing the affidavit, the trial court is not making factual
determinations, but, instead, is applying the law to the facts in the
affidavit.”  Coronado v. Norman, 111 S.W.3d 838, 841-42 (Tex.
App.–Eastland 2003, pet. denied).  The sufficiency of the affidavit to support
substituted service is a question of law, which we review de novo.  Id.
at 841.

Applicable
Law

            There
are no presumptions in favor of valid issuance, service, and return of citation
in the face of a direct attack on a default judgment.  Uvalde Country
Club v. Martin Linen Supply Co., 690 S.W.2d 884, 885 (Tex. 1985). 
Strict compliance with the rules for service of citation must affirmatively
appear in the record in order for default judgment to withstand direct attack. 
Ins. Co. of State of Pa. v. Lejeune, 297 S.W.3d 254, 255 (Tex.
2009).  “Failure to comply with these rules constitutes error on the face of
the record.”  Id. at 256.

            Rule
106 governs the methods of service required under various circumstances.

 

                (a) Unless the citation or an order of
the court otherwise directs, the citation shall be served by any person
authorized by Rule 103 by

 

                  (1) delivering to the defendant, in
person, a true copy of the citation with the date of delivery endorsed thereon
with a copy of the petition attached thereto, or

 

                  (2) mailing to the defendant by
registered or certified mail, return receipt requested, a true copy of the
citation with a copy of the petition attached thereto.

 

                (b) Upon motion supported by affidavit
stating the location of the defendant’s usual place of business or usual place
of abode or other place where the defendant can probably be found and stating
specifically the facts showing that service has been attempted under either
(a)(1) or (a)(2) at the location named in such affidavit but has not been
successful, the court may authorize service

 

                  (1) by leaving a true copy of the
citation, with a copy of the petition attached, with anyone over sixteen years
of age at the location specified in such affidavit, or

 

                  (2) in any other manner that the
affidavit or other evidence before the court shows will be reasonably effective
to give the defendant notice of the suit.

 

Tex. R. Civ. P. 106.

            Substitute
service may not properly issue on a motion supported by an affidavit that is
conclusory or otherwise insufficient.  Wilson v. Dunn, 800 S.W.2d
833, 836 (Tex. 1990).  The affidavit should describe with some specificity the
diligence used in attempting to serve the defendant.  See, e.g., Lewis
v. Ramirez, 49 S.W.3d 561, 565 (Tex. App.–Corpus Christi 2001, no pet.)
(citing a number of Texas cases that have addressed the specificity requirement).

 Discussion

            Needham
in his first issue contends the deputy sheriff’s affidavit in support of
alternative service does not state facts sufficient to show the impracticality
of personal service.  Needham faults the deputy for attempting to serve him only
at his home and only during the morning.  He also argues that the posting of
citation on his front door was not reasonably calculated to give him actual
notice.

            The
affidavit of Deputy Samuel Henson filed in support of the motion for alternative
service sets forth the specific dates and times he attempted to serve Needham as
follows:

 

            6/15/2010  10:16AM  Deputy was unable to make contact
with resident at the service address.  Deputy left a card secured to residence
main entry identifying the Deputy, Deputies Agency, and telephone number where
the Deputy could be contacted.

 

                6/21/2010  7:52AM  Deputy made contact
with Rodney Needham’s spouse, who advised that Needham was “out of town” for
four or five days.  Deputy left a card identifying the Deputy, Deputies Agency,
and the telephone number where the Deputy could be contacted with Needham’s
spouse.

 

                6/25/2010  10:53AM  Deputy made
contact with Shelby Doesher, resident, who advised Deputy that Needham was
currently at work.

 

                7/21/2010  7:34AM  Deputy made contact
with resident, John Holley, who identified himself as Needham’s son.  Holley
advised the Deputy that Needham was currently in Oklahoma.

 

 

            The affidavit
recites with particularity the date, the time, and the place where the deputy
attempted service.  It also states the family members and other residents he
met there, and what they related about Needham’s whereabouts.  No one was at
the residence the first time Deputy Henson tried to serve Needham.  On two of
the three remaining attempts, Needham was out of town.  Needham complains that
Deputy Henson made no effort to serve him at his place of employment.  “Rule 106
does not require that personal service be attempted at multiple locations
before the trial court may authorize substituted service. . . .”  James
v. Comm’n For Lawyer Discipline, 310 S.W.3d 586, 591 (Tex. App.–Dallas
2010, no pet.).  We conclude the affidavit states facts showing the four
attempts at personal service with sufficient specificity to demonstrate the
necessity for substituted service under Texas Rule of Civil Procedure 106(b),
and that the manner of service authorized would be reasonably effective to give
Needham notice of the suit.

            In
his second issue, Needham maintains that service of citation was invalid,
because the return of service was not verified as required by Texas Rule of
Civil Procedure 107.  Rule 107 requires a return to be verified when it is
served by an authorized person.  This verification requirement does not apply
to officers.  14.9 Grams of Methamphetamine v. State, 28 S.W.3d
146, 148 (Tex. App.–Texarkana 2000, no pet.).  Samuel D. Henson, Deputy Sheriff,
an “officer,” served Needham and properly executed the return.  Needham’s second
issue is overruled.

 

Disposition

            The judgment of the
trial court is affirmed.

Bill
Bass

     Justice

 

Opinion delivered May 25, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Bass, Retired J., Twelfth Court
of Appeals, sitting by assignment.

 

 

 

 

 

 

(PUBLISH)